STATE *vs.* JOHN McNAMARA, appellant.

Kennebec. Opinion January 31, 1879.

*Cider. Construction of c. 215, laws 1877.*

The laws of this state do not class cider as an intoxicating liquor, except only " when kept or deposited, with intent that the same shall be sold for tippling purposes."

When cider is sold for "tippling purposes," as the term is used in c. 215, § 22, laws of 1877, the place of drinking and the place of sale must be the same.

ON EXCEPTIONS.

COMPLAINT AND WARRANT on a search and seizure process, on appeal from the municipal court of Augusta. The respondent admitted that he had sold cider to be carried away from his premises, and through his counsel claimed that the words "tippling purposes" meant "drinking upon the premises;" and that c. 215, Pub. Laws 1877, permitted the sale of cider, if not to be drank on the premises of the seller.

Upon this point the presiding judge charged the jury as follows: "What does the word tipple mean? A well accepted definition is to drink of spirituous liquors in luxury or excess. Another definition which I will give you is, to drink for the excitement produced by the stimulating qualities of the liquor; not for medicine, not for healthful purposes, but for the stimulus produced by the liquor.

"A man may as well tipple in the street as in a building; in his own house as in the shop where the liquor is sold. It is not necessary, in order to constitute liquor in this case an intoxicating liquor within the meaning of the act, that the government should prove that the respondent intended to sell it to be drank in his house or in his building. If he intended to sell it to be drank for tippling purposes, under the rule that I have given you, that is sufficient."

To which ruling and charge the defendant excepted.

*E. F. Webb,* county attorney, for the state.

The defendant's objection involves the construction of c. 215,

laws of 1877. Cider is here classed among intoxicating liquors, when kept or deposited, with intent to use the same for tippling purposes, and as such its sale is forbidden. The only distinction the statute creates between cider and other liquors is that it is lawful to sell cider for all purposes except tippling.

The place of tippling is immaterial. The offense is selling it to be drank. The place of drinking is no part of the offense. The offense created by statute is not keeping a "tippling shop," that is defined in § 31, c. 27. Some of the definitions of the word tipple are as follows: Bouvier defines a tippling house to be "a place where spirituous liquors are sold and drank in violation of law." Sometimes the mere selling is considered as evidence of keeping a tippling house.

Webster defines tipple, "to drink spirituous or strong liquors habitually; to indulge in the frequent and improper use of spirituous liquors; especially, to drink frequently without absolute drunkenness. To drink, as strong liquors, in luxury or excess." He defines a tippling house to be "a house in which liquors are sold in drams or small quantities, and where men are accustomed to tipple."

Worcester defines tipple, "to drink to excess, the habitual practice of drinking spirituous liquors."

The definitions and rules of law given by the judge were correct. The statute is of course to receive a reasonable construction.

*H. M. Heath*, for the defendant.

VIRGIN, J. Unadulterated cider is not contraband, except so far as it is made so by the provisions of the statute. The only statutory provisions pertaining to the subject are R. S., c. 27, §§ 22, 23 and 24, as amended by St. 1877, c. 215, §§ 1, 2 and 3, and R. S., c. 27, § 25. By these provisions cider is to be classed as an intoxicating liquor only "when kept or deposited with intent that the same shall be sold for tippling purposes." When thus kept or deposited, it is liable to seizure; and its actual sale for such purpose is prohibited, as is the simple sale of all other intoxicating liquors. But when not kept, deposited or sold for

the specific purpose mentioned, it is not contraband, but an article of free commerce.

Such being the status of cider, as defined by the statute, the material inquiry is, what meaning did the legislature intend should be given to the phrase, " sold for tippling purposes ? " When, under this statute, can cider be considered as sold for tippling purposes ? The object aimed at by the legislature becomes apparent from the history of the legislation upon this subject since the revision of the statutes, together with its practical operation, which is familiar to every citizen of the state.

In 1872 the legislature amended R. S., c. 27, § 22, by including " wine and cider " among the enumerated " intoxicating liquors ;" and, at the same session, amended § 25, by providing that the provisions of chapter 27 shall not extend to the " manufacture and sale of unadulterated cider by the manufacturer ; " thereby impliedly permitting the " manufacturer " to sell indiscriminately. The result was that numerous dealers, by dint of small hand presses, became manufacturers of cider, while every seller, by the glass, of cider, who could not afford to buy his press and apples and manufacture, became the duly appointed agent of a manufacturer, and cider dram-drinking flourished as before the statute of 1872, c. 63, took effect. To suppress this kind of tippling-shop, by manufacturers as well as all others, the legislature in 1877, while they did not prohibit its manufacture or sale generally by grocers and others, did enact c. 215, therein providing, in effect, that cider, new or old, whether intoxicating in fact or only by construction, should not be sold by the glass, in such manner as would constitute the place where sold a " tippling shop." A " tippling shop," literally, is a place where liquor is drank habitually, in small quantities, without reference to the place where purchased. But such is not the well understood legal definition, (Bish. Stat. Cr. § 1065); nor is it in accordance with the statutory definition. R. S., c. 27, § 31. On the contrary, to constitute a drinking house or tippling shop, the liquor must be drank on the premises where purchased. *State* v. *Inness*, 53 Maine, 536, 539. So, when cider is sold for " tippling purposes," as the term is used in § 22, the place of drinking and the place of sale must be the same.

This meaning had already been expressed by the legislature in 1873, when c. 152 of that year was enacted, and wherein the provisions of R. S., c. 17, are made applicable to any house, shop or place where intoxicating liquors are sold for " tippling purposes," that is, sold to be drank on the premises.

This view is consistent with the definition of lexicographers. See Webst. Dict., under the intransitive verb.

*Exceptions sustained.*

APPLETON, C. J., WALTON, DANFORTH and PETERS, JJ., concurred.

LIBBEY, J., did not concur.