## STATE v. LOUISE RIEBE.[1]

### March 23, 1928.

### No. 26,671.

**Disorderly house.**

*Held*: (1) Conviction of violation of Minneapolis ordinance sustained by evidence; (2) evidence would justify finding that acts of disorder had been permitted for a considerable time; (3) testimony of police officer was admissible that he knew the reputation of the house and within six months residents of the district had talked to him about it. [Reporter]

Disorderly Houses, 18 C. J. p. 1266 n. 48; p. 1271 n. 12.

---

See note in 46 L.R.A.(N.S.) 593; 9 R. C. L. 224; 2 R. C. L. Supp. 774; 4 R. C. L. Supp. 505; 6 R. C. L. Supp. 545.

Defendant appealed from a judgment of the municipal court of Minneapolis convicting her of keeping a disorderly house and from an order, White, J. denying her motion for a new trial. Affirmed.

*Meshbesher & Anderson,* for appellant.

*Neil M. Cronin,* City Attorney, and *Arthur P. Jensen,* Assistant City Attorney, for the state.

[1]Reported in 218 N. W. 557.

PER CURIAM.

Defendant was convicted in the municipal court of the city of Minneapolis of keeping a disorderly house in violation of an ordinance of that city, and appeals from the judgment and from an order denying a new trial.

Defendant claims that the charge is not sustained by the evidence. We think it is. We shall not rehearse the evidence in detail. The place was a rooming house. It was raided by the police, who found intoxicated men and women therein, one of the intoxicated women being clothed only in a bathrobe. They found some 200 bottles of home-brew beer, five gallons of wine and three or more bottles of moonshine whisky; also wine in the process of manufacture and a machine for capping beer bottles; also beer mugs, whisky glasses and tables supplied with ash trays and pretzels in various rooms.

Defendant cites cases holding that proof of single and isolated instances of disorder is not sufficient to constitute the place a disorderly house. We need not inquire whether this rule applies to prosecutions under this ordinance, for the evidence would justify the court in finding that acts of disorder had been permitted for a considerable time.

The only other question raised is that the court erred in permitting one of the police officers to testify as to the reputation of the place. He testified that he knew its reputation; and that people from that district had talked to him concerning it on several occasions within the preceding six months. The testimony was admissible.

Order and judgment affirmed.