# STATE v. MATTHEW McDOW.[1]

March 20, 1931.

No. 28,381.

*Robertson & Rerat,* for appellant.

*Neil M. Cronin,* City Attorney, and *Palmer B. Rasmusson,* Assistant City Attorney, for the state.

WILSON, C. J.

Defendant appealed from an order denying him a new trial after a conviction of keeping a disorderly and ill-governed house in violation of a city ordinance.

The charging part of the complaint is:

"did wilfully, unlawfully and wrongfully keep a disorderly and ill-governed house at 641 8th Avenue North, contrary to the provisions of an ordinance passed by the city council of the city of Minneapolis."

The occurrence was in the defendant's home. Several men and two women were present. The majority were colored people; some

[1]Reported in 235 N. W. 637.

were white. Defendant sold liquor to those present, and most of them were under the influence of liquor. Some were his friends, and with some he was unacquainted and did not know why they were in his home. Introductions were unnecessary. There was dancing and singing. An argument over the singing of one resulted in a fight among three of the men, including defendant, who pulled a gun on one person whom he pushed out. One was struck by a club, and another was struck by a pistol. The police had the place under observation; its reputation was bad. Two officers entered the place at about five o'clock a. m. and found the conditions about as stated.

■ The defendant challenges the validity of the ordinance entitled "Disorderly Houses." Minneapolis Ordinances, 1872-1925, p. 763. Its title specifies disorderly houses, houses of ill-fame, and common prostitutes. The claim is that the ordinance is unconstitutional because the title of the ordinance contains more than one subject. The city charter contains substantially the same restriction as the state constitution. City charter, c. IV, § 8. The claim is untenable. The subject of disorderly houses, houses of ill-fame, and common prostitutes is so connected with the general subject of the ordinance as to be germane to it. That is sufficient. State v. McGraw, 163 Minn. 154, 203 N. W. 771; State v. People's Ice Co. 124 Minn. 307, 144 N. W. 962; Johnson v. Harrison, 47 Minn. 575, 50 N. W. 923, 28 A. S. R. 382; Kerst v. Nelson, 171 Minn. 191, 213 N. W. 904, 54 A. L. R. 495.

■ The city had but one ordinance to which the complaint could relate. The complaint stated facts sufficient to state a public offense under the ordinance; and the evidence is sufficient to support the conviction.

Affirmed.