2 So.2d 339

### PINSON v. STATE.

7 Div. 558.

Court of Appeals of Alabama.

May 13, 1941.

154

John R. Robinson and George Murphy, both of Gadsden, for appellant.

Thos. S. Lawson, Atty. Gen., and Francis M. Kohn, Asst. Atty. Gen., for the State.

RICE, Judge.

Appellant was convicted of the offense of murder in the second degree, and his punishment fixed at imprisonment in the penitentiary for the term of twenty years. It was alleged, and the proof authorized the jury to find, as they did, that he unlawfully and maliciously shot with a shotgun, and killed, his wife *Nora Lee Pinson.* It seems unnecessary for us to deal with the evidence.

Appellant, on the trial giving rise to this appeal, pleaded *former jeopardy*—the substance of his plea being that he had formerly been put on trial for the same offense under an indictment in words as follows, to-wit: "The Grand Jury of said County charges that before the finding of this Indictment, Floyd Pinson, whose true name is otherwise unknown, killed Nora Lee Pinson by shooting her with a gun or pistol, contrary to law and against the peace and dignity of the State of Alabama."

The plea went on to aver that after he was thus put on trial, and after at least one witness had been examined by the State, the Court, on the State's motion, and over defendant's objection, quashed the said indictment and ordered another to be preferred, under the terms of Code 1928, § 4555, Code 1940, Tit. 15, § 258.

Sustaining the State's demurrer to the defendant's (appellant's) said plea of former jeopardy appears to be the only matter apparent on the record (including the bill of exceptions) which merits discussion by us. And we think the said demurrer was properly sustained.

So far as we can ascertain, and we hold, the indictment under which appellant alleges he was "formerly put on trial" charged no offense, and was void. Doss v. State, 23 Ala.App. 168 (headnote 12), 123 So. 237, certiorari denied 220 Ala. 30, 123 So. 231, 68 A.L.R. 712.

And where this is true "it would have been wrong for a circuit judge, seeing that defect, to have suffered the trial to proceed to a judgment, which would have here been certainly vacated. 'Lex neminem cogit ad vana seu inutilia.'

"Nor can it be held, in such a case, that the proceedings had gone so far that defendant had been put in jeopardy, and should not, therefore, be subjected to trial again. A defendant is never in jeopardy, when the indictment against him is so invalid, that a judgment upon it would be annulled on appeal, no matter what may be the stage of the prosecution when, for that reason, it is quashed." Weston v. State, 63 Ala. 155.

As stated, no other question apparent merits discussion.

We find nowhere a ruling or action by the trial court infected with error prejudicial to appellant; and the judgment appealed from is affirmed.

Affirmed.