### STATE v. NATE SIPOREN.[1]

June 18, 1943.

No. 33,435.

[1]Reported in 10 N. W. (2d) 353.

*Neil Hughes* and *Don E. Morgan,* for appellant.

*R. S. Wiggin,* City Attorney, and *Leo P. McHale,* Assistant City Attorney, for the State.

HENRY M. GALLAGHER, CHIEF JUSTICE.

A "tab charge" placed against defendant in the municipal court of Minneapolis reads:

"Jul 11, 1942 R. C. Rudie makes complaint against defendant and says that on the 11th day of July, 1942, at the city of Minneapolis, Hennepin County, Minnesota, the defendant then and there being, did wilfully, unlawfully and wrongfully operate a tippling house at 23 No. Wash. contrary to the provisions of an ordinance passed by the City Council of the City of Minneapolis."

Defendant demurred to the "tab charge" upon the grounds that it failed to allege a public offense or a violation of any city ordinance or state law. Over defendant's objection the state was permitted to amend the "tab charge" to read: "Keep a disorderly (tippling) house at 23 South Washington, Minneapolis, Minnesota." The demurrer was overruled, as was defendant's motion for a jury trial. The court found defendant guilty. He appeals from an order denying his motion for a new trial and from the judgment of conviction.

Defendant contends (1) that the court erred in allowing the amendment; (2) that the "tab charge," as amended, did not allege the violation of any ordinance or state law; and (3) that the evidence is insufficient to sustain a conviction for operating a disorderly house at the place described in the complaint.

■ We find no merit in defendant's contention that he was prejudiced by the amendment. It did not change the nature of the offense nor did the correction of the address from "23 No. Wash." to "23 South Washington" mislead the defendant under the facts here disclosed. The trial court was, on the facts of the case, justified in granting the amendment.

■ The city ordinance with the violation of which defendant was charged (Minneapolis Ordinances, 1872-1925, p. 763) reads:

"Section 1. No person or persons shall keep within the limits of the City of Minneapolis a disorderly or ill-governed house or place, or a house of ill-fame or place resorted to for the purpose of prostitution, assignation, fornication, or for the resort of persons of ill-name, or ill-fame or dishonest conversation or common prostitutes; and no person shall procure or suffer to come together at such house or place any of the above described persons, nor commit or suffer to be committed in such house or place any immoral, lewd, lascivious, immodest.or other improper conduct or behavior, or any tippling, revelling, rioting or disturbance. Any person violating the provisions or any provision of this section shall upon conviction thereof before the Municipal Court of the City of Minneapolis, be punished by a fine not exceeding one hundred dollars, or imprisonment in the county jail for a period not exceeding ninety days. (As amended April 9, 1888, 13 C. P. 971.)"

The charge, as amended, adequately apprised defendant of the nature of the offense. An almost identical charge was challenged in State v. McDow, 183 Minn. 115, 116, 235 N. W. 637, 638, where the court said:

"The city had but one ordinance to which the complaint could

441

relate. The complaint stated facts sufficient to state a public offense under the ordinance."

We have repeatedly said that proceedings for violation of municipal ordinances are not subject to or governed by the technicalities protecting defendants who are asked to answer for a crime against the state. State v. Olson, 115 Minn. 153, 131 N. W. 1084; State v. Jamieson, 211 Minn. 262, 300 N. W. 809; State v. Wilson, 212 Minn. 380, 3 N. W. (2d) 677. In the light of these authorities, the charge here assailed sufficiently states a public offense under the ordinance.

■ Nor do we find any merit in defendant's contention that the evidence does not justify the conviction. Officer Beaty testified that at about 1:15 a. m. on July 11, 1942, he saw defendant outside the premises known as 23 South Washington, that various persons spoke to him, and that he took some of them to the door of the place and procured their admission by rapping. Beaty further testified that he talked to defendant, and defendant said he was running a "sneak joint," in other words, that he was open after closing hours and on Sundays. Beaty testified that he then asked defendant for money to buy a drink, and defendant said he would give him credit, whereupon he took him to the door and introduced him to one "Al," who served him liquor without charge at defendant's direction. Beaty stayed in the place for about half an hour and then left and met the other members of the morals squad, whereupon they came back and broke into the place. Defendant was not in the building when the raid was made. Other members of the police force testified that they had been watching the place for about a month and had seen and recognized defendant walking about in front of it admitting some people and not admitting others. They also testified that the place had a reputation for being one where liquor was sold illegally. In the raid the police officers found bottles and partially filled glasses containing alcoholic beverages.

Defendant contends that the evidence procured during the raid was not admissible because the search was illegal, in that it was made without a warrant and no offense was being committed or attempted at the time of the search. The rule is established in this

state that evidence obtained by search and seizure is admissible even though the search was unlawful. State v. Pluth, 157 Minn. 145, 195 N. W. 789. It is therefore of no avail to defendant to question the legality of the search.

It is urged on defendant's behalf that certain reputation evidence was improperly admitted. He duly objected to its admission upon the ground that no sufficient foundation had been laid. The witness testified, however, that he had talked to several people concerning what was reputed to go on in the back room at 23 South Washington. The evidence was admissible. State v. Riebe, 174 Minn. 603, 218 N. W. 557.

In view of the rule that proof beyond a reasonable doubt is not necessary in cases involving violations of ordinances, State v. Nelson, 157 Minn. 506, 196 N. W. 279, and State v. Jamieson, *supra,* we believe the evidence here amply sustains the conviction.

Affirmed.

[1]Reported in 10 N. W. (2d) 382.