STATE v. BEN WILSON AND OTHERS.[1]

February 1, 1946.

No. 34,128.

*A. M. Cary*, for appellants.

*R. S. Wiggin*, City Attorney, and *Leo P. McHale*, Assistant City Attorney, for the State.

[1]Reported in 21 N. W. (2d) 521.

PETERSON, JUSTICE.

These appeals raise the single question whether the evidence in each case is sufficient to sustain a conviction. The defendant Wilson was convicted of keeping "a disorderly and ill-governed tippling house" in violation of an ordinance of the city of Minneapolis which, so far as it relates to the offense of keeping, is set forth in State v. Siporen, 215 Minn. 438, 10 N. W. (2d) 353. The other defendants were convicted of being found in a tippling house in violation of the same ordinance.

■ No provision of the ordinance defining a tippling house has been called to our attention. In State v. Siporen, *supra,* we held that a house where intoxicating liquor is illegally sold in small quantities to persons resorting thereto for the purpose of drinking it on the premises is a tippling house within the meaning of the ordinance. See, Calhoun v. Bell, 136 La. 149, 66 So. 761, Ann. Cas. 1916D, 1165; 2 Wharton, Criminal Law (11 ed.) § 1786, p. 1961, citing State v. McNamara, 69 Me. 133. Here, the evidence is in conflict, but it is such as to sustain findings that people resorted to defendant's house at all hours of the day and night; that intoxicating liquor was sold there at retail without a city liquor license and was consumed on the premises; that there was a waiter in attendance who took orders from persons there for drinks containing intoxicating liquor and then served them; that intoxicating liquor was kept by defendant in such large quantities as to suggest that it was being kept for purposes of sale rather than personal consumption; that a so-called "juke box" which could be operated by inserting a coin was kept to provide music to which the patrons danced; and that paraphernalia for playing a game known as "craps" was also kept for the use of the patrons. This condition of affairs was shown by witnesses who visited the place on numerous occasions to have existed over a period of several months. The defense was that the persons present were there as the keeper's guests and not as his patrons. The plain facts are that no invitation was ever extended to any of such persons by the defendant to be present as his guests and that all of them resorted to his house

in the same manner as would the patrons of any other public place. We think that the evidence made it a question of fact whether the persons found in the place were patrons or guests. Our conclusion is that the evidence sustains the conviction. State v. Siporen, *supra*.

Cases like State v. Kelly, 218 Minn. 247, 15 N. W. (2d) 554, and Chappell v. State, 197 Ind. 272, 150 N. E. 769, are not in point, for the reason, among others, that in those cases, unlike the instant one, there was no evidence of sales of intoxicating liquor or of the consumption of the same by the seller's patrons on his premises. Nor is State v. Glenny, 213 Minn. 177, 6 N. W. (2d) 241, in point, because, while the charges there against the keeper were brought under the same ordinance, they were brought under the provisions thereof relating to keeping disorderly houses and not those relating to keeping a tippling house.

■ The record here does not contain either the complaint or the tab charge against the defendants convicted of being found in a tippling house. Nor are we referred to the applicable ordinance provisions. For lack of an adequate record, we refuse to review these cases, under the rule of our decisions in State v. McBride, 215 Minn. 123, 9 N. W. (2d) 416, and State v. Sterling, 173 Minn. 610, 216 N. W. 533. Under our Rule VIII (2), (212 Minn. xli), the appeal should be affirmed or dismissed, as the court may deem proper. These defendants were found in the house which the defendant Wilson was convicted of keeping as a tippling house. They in effect admit that, if there should be an affirmance as to Wilson as the keeper, there should be one also as to them as persons found in the place. In determining whether we should affirm or dismiss the appeal, we ought to consider whether questions affecting the merits of the case should be left open so the party can raise them again on another appeal. Here, obviously, these defendants can raise no such question on another appeal, because they concede that an affirmance as to Wilson requires one as to them also. We deem it proper, therefore, to affirm rather than dismiss the appeal.

Affirmed.