## STATE v. HERBERT HOLMES.[1]

November 1, 1946.

No. 34,284.

*Neil Hughes* and *S. Paul Skahen,* for appellant.

*R. S. Wiggin,* City Attorney, and *Leo P. McHale,* Assistant City Attorney, for the State.

JULIUS J. OLSON, JUSTICE.

Defendant was convicted in the municipal court of Minneapolis of the offense of keeping a disorderly and ill-governed house at a specified place in that city contrary to one of its ordinances. Since we have heretofore had this ordinance before us for consideration and decision, we shall not repeat its provisions. The section involved was quoted in full in State v. Siporen, 215 Minn. 438, 440, 10 N. W. (2d) 353, 354.

Defendant appeals from the judgment of conviction and also from an order denying his motion for a new trial. He contends that the

[1]Reported in 24 N. W. (2d) 710.

406

prosecution "failed to establish [by] competent evidence" his "operation of a disorderly house" and that the testimony of the police officers who made the arrest as to "the reputation of the premises in question" was improperly admitted.

The premises involved are in a section of the city where prostitution is and has been quite common. The officers who had this matter in hand were given their assignment by the superintendent of police.

Defendant's place had been under surveillance for some two months prior to defendant's arrest, which took place about three o'clock in the morning of January 10, 1946. Immediately prior thereto, the officers observed that several men had entered the place and that only one was admitted at each particular time. When the officers entered, one of them went upstairs and found a man in "the back bedroom of the second floor * * * trying to crawl under the bed." He was ordered from his place of hiding and was found to be fully dressed, even to the extent of still having his overcoat on. When asked by the officer what his purpose was in coming to this place, he said: "Well, I come here to be taken care of,. that was my intention, but you didn't give me time enough." In "a closet about three feet from where he was laying [sic]," the officer found "a colored woman" wearing "one of those smocks that open down the front, unbuttoned." The "slip" she was wearing "hung low and her breasts were exposed, and she was barefooted." She informed the officers that "she wasn't going to talk to any cops." Immediately thereafter she "asked for permission to go into the toilet." Her request was granted, but in a moment the officer "heard the window opening, ran in there, and found" her "trying to crawl out the window. She was over halfway out when I grabbed her and brought her back in." Defendant was present during this episode.

In a conversation with defendant the officer testified:

"* * * 'I thought I told you [defendant] previously to get out of this business.' He said, 'I wanted to,' he said, 'I wanted to get out, but the old lady,' meaning his wife, Cleo, 'wanted to do a little

business tonight.' He said, 'I believed you and I wanted to get out of business when you told me, but,' he said, 'my wife insisted that we do a little business.' * * *

* * * * *

"* * * 'I have been wanting to do something for you for a long time.' He said, 'I was going to send you some money, but I didn't know how to get ahold of you.' He said, 'I would like to have you take this now, a little present.'

* * * * *

"* * * I told him that I didn't want his money; that if he didn't live within the law I was going to stay after him until I caught him and arrested him."

Much more testimony, equally pertinent, could be recited, but we refrain. Enough has been recited to justify the conclusion that the trial court's findings and judgment are well sustained by the record.

One further question is involved, i. e., whether the testimony of the police officers as to the reputation of the premises in question, admitted over defendant's objections, was prejudicial and such as to require reversal here. We have carefully read the cases upon which reliance is placed and conclude that such cases as State v. Riebe, 174 Minn. 603, 218 N. W. 557; State v. Siporen, 215 Minn. 438, 10 N. W. (2d) 353; and State v. Sauer, 217 Minn. 591, 15 N. W. (2d) 17, sustain the trial court's rulings. In State v. Palmersten, 210 Minn. 476, 299 N. W. 669, our holding was that the character of the premises on the question of whether they are being conducted and maintained as a house of ill fame may properly be proved by showing how they were conducted; that what the occupants do and say and how they act characterize the place.

Since we find no prejudicial error, the judgment and order are both affirmed.

Affirmed.