197 So.2d 466

**Haskell Edward JOHNSON**

v.

**STATE.**

1 Div. 141.

Court of Appeals of Alabama.

March 28, 1967.

Thos. M. Haas, Mobile, for appellant.

Richmond M. Flowers, Atty. Gen., and Julian S. Pinkston, Asst. Atty. Gen., for the State.

PRICE, Presiding Judge.

Upon a charge of vagrancy, appellant was convicted of being the keeper, proprietor or employee of a house of prostitution. Code 1940, Title 14, Section 437, subdivision (10).

'The state's evidence tended to show that police officers watched the premises at the corner of Texas and St. Emanuel Streets, in Mobile, for four nights immediately preceding the raid, and several times during daytime hours. They observed a constant stream of taxicabs discharging male passengers only. These persons were let in and out of the house by defendant and another man. Some of the officers stated defendant answered the door fully fifty percent of the time.

The raiding party of four officers went to the house on the night of April 1, 1965. Their testimony is that defendant answered the doorbell, was shown a search warrant and told the officers to "Go on in."

The premises were described as a one story frame building. There was a front room with a bar extending across it. Men and women drinking beverages of some kind were in this room. The police stated they were acquainted with some of the men and women present and named them. There was a door to the left of the bar and back in that area there were two bedrooms. One was a cubbyhole, large enough for a single bed. A white man and a white woman were nude in bed engaged in sexual intercourse. There was a larger bedroom with a large bed. This room contained men's and women's clothing and there was a female in the bed. One room in the building was described as having "varicolored lights and fixtures; it had a bed or pallet type deal in one corner with varicolored bedding," with a shrimp net or something of that kind hanging in front of it.

On orders of the police the man and woman caught in the act of sexual intercourse dressed and came out into the little hallway. There they told the officers their names. They did not identify themselves as husband and wife. The man informed the officers he was from Pensacola, Florida; that he was married and didn't want to get into trouble; that he had paid the girl $15.00 to have sexual intercourse with him and wanted to know if he could get his money back.

■ The testimony of the officers as to what was said by the man and woman was objected to because not shown to have been made in the presence of defendant. This testimony was admitted without error.

"In prosecutions for keeping or maintaining a bawdy house or the like, it is competent to show the conduct and conversations of the inmates and frequenters while in and about the house, as bearing on the character of the premises, * *."

27 C.J.S. Disorderly Houses § 14(4) (d), p. 576.

In Dossett v. State, 93 Tex.Cr.R. 41, 245 S.W. 439, the court said:

"There is no question but that in this state the conduct and conversation of the inmates of a house claimed to be disorderly may be shown, because in a sense it may be said that the conduct and conversation of the inmates, is the res gestae of the business there being conducted, and reflects the character of the house."

See also State v. Holmes, 222 Minn. 405, 24 N.W.2d 710.

No evidence was introduced in defendant's behalf.

■ The facts and circumstances presented questions for the jury's consideration and were sufficient to make out a prima facie case. The motion to exclude the state's evidence and the request for the affirmative charge were properly refused. The appellant did not file a motion for a new trial.

The prosecution originated in the court of General Sessions. After conviction there appeal was taken to the circuit court. The case came up for trial in the circuit court on January 13, 1966. A jury was qualified, struck and placed in the jury box. After the prosecuting attorney had made his opening statement to the jury, but before a plea was entered by defendant, defense counsel moved to dismiss the charge on the ground that a solicitor's complaint had not been filed as required by Title 15, Section 363, Code 1940. The trial judge denied the motion to dismiss the charge, but discharged the jury and continued the case to January 24, 1966.

When the case came on for trial on January 24th, the defendant demurred to the solicitor's complaint, filed on January 21, 1966, and interposed a plea of former

jeopardy, setting up therein the events which transpired when the case was up 'for trial on January 13th. The court overruled the demurrer and denied the plea of former jeopardy. We find no error in these rulings.

The complaint followed form No. 111, Title 15, Section 259, Code 1940, and was not demurrable.

■ It has been consistently held that the circuit court is without jurisdiction to proceed with the trial in the absence of a solicitor's complaint, or a waiver thereof by the defendant. Gamble v. State, 32 Ala. App. 550, 27 So.2d 880; Bonds v. State, 28 Ala.App. 194, 180 So. 735; Borders v. State, 26 Ala.App. 467, 162 So. 136. No double jeopardy is shown by the circumstances set out hereinabove. Pinson v. State, 30 Ala.App. 153, 2 So.2d 339; Lyles v. State, 41 Ala.App. 1, 122 So.2d 724.

During the qualifying of the jury defense counsel requested the court to ascertain if any of them had read an article which appeared in the Sunday issue of the Mobile Press Register, published the day before the trial, which article listed the venire for the following week of court and stated that Haskell Johnson was faced with trial of six charges, naming them, on appeal from conviction in the lower court. The court asked those jurors who had read the list of jurors to stand. Thirteen members of the panel stood. The court then asked those who remembered reading Mr. Johnson's name or remembered reading a story which may or may not have concerned Mr. Haskell E. Johnson to remain standing. Four remained standing. There was no response to the court's question as to whether they had, by reason of having read the articles, they had formed' an opinion as to the guilt or innocence of defendant. One of the four jurors stated "I believe I should pass because I've read numerous articles in the past." The court sustained the defendant's challenge for cause.

Defense counsel then asked the court to qualify the members of the panel as to whether at any time in the past they had read anything concerning the defendant, or if they had heard or seen anything on radio or television, or if they had any knowledge derived from any source as to any previous activities of the defendant. Two members of the panel stood in response to the court's inquiries. The trial judge asked counsel if there were any special questions he wanted addressed to these jurors. Counsel replied: "Yes, sir Judge; I would like to ascertain what it is—if they read about it or heard about it; if they came into the courtroom having read or heard something about the defendant or this case prior to today, it's our position that they should not try this case." The court stated it was its position that it was the jurors' state of mind and their bias or lack of bias on the date of trial which would be the determining factor, and asked, "Now, in the presence of the Jury, do you wish me to ask Mr. Robinson specifically what it is he's heard?" Counsel replied: "Judge, unless the jurors are sequestered. I don't know of any way that we can do this without spreading the poison, so to speak."

The court stated that if requested to do so by defense counsel, but not otherwise, questions along these lines would be propounded to the jurors. Defense counsel moved the court to sequester the jurors for the purpose of interrogating them on their bias or lack of bias in the case. The court denied the motion, but again offered to address any questions requested by defendant to the qualifications of the jury as a body.

■ Defendant insists the refusal of the court to permit each juror to be examined out of the presence of the remainder of the panel constitutes reversible error. We do not agree. "It is the rule of our cases that the limit of voir dire examination is left much to the discretion of the trial court." Sims v. Struthers, 267 Ala. 80, 100 So.2d 23; Aaron v. State, 273

Ala. 337, 139 So.2d 309. We find no abuse of discretion here.

The court did not abuse its discretion in denying motion for change of venue because of the newspaper publicity. Littlefield v. State, 36 Ala.App. 507, 63 So.2d 565.

We find no reversible error in the record. The judgment is affirmed.

Affirmed.