## CITY OF ST. PAUL v. LEWIS FRANKLIN AND ANOTHER.
## CITY OF ST. PAUL v. JOSE FLOOD, ALSO KNOWN AS CLARENCE FLOOD.

175 N. W. (2d) 16.

February 20, 1970—Nos. 41579, 41561.

*Douglas W. Thomson, John R. Wylde, Jr.,* and *Jack Nordby,* for appellants.

*Joseph P. Summers,* Corporation Counsel, *Thomas M. Mooney,* Assistant Corporation Counsel, and *Daniel A. Klas,* Special Assistant Corporation Counsel, for respondent.

Heard before Knutson, C. J., and Nelson, Murphy, Otis, and Rogosheske, JJ.

ROGOSHESKE, JUSTICE.

The two issues in these cases, consolidated for hearing on appeal, are whether St. Paul Legislative Code, c. 469.01, entitled "Disorderly Houses," is unconstitutional as vague and indefinite on its face, and whether it is in conflict with Minn. St. 609.33, covering the same subject matter.

Each of the male defendants was convicted in municipal court of keeping a disorderly house, and defendant Charlene G. Franklin was convicted of aiding and abetting her husband in keeping a disorderly house. Defendants Franklin were arraigned upon a "tab charge," and defendant Flood, upon a complaint which essentially alleged that he did "wrongfully, unlawfully, and intentionally keep a disorderly house." Defendant Flood appeals from the conviction which followed his appeal to the Ramsey County District Court. Defendants Franklin appeal from the municipal court convictions.

Defendants' sole challenge here is limited to the claim that the ordinance, without regard to the particular facts of these cases, is unconstitutionally vague in its overbroad scope. Defendants did not request a bill of particulars of the acts claimed to constitute a violation of the ordinance before trial, nor do they make any claims that they were prejudiced by reason of any inadequacies in the charge or that the evidence is insufficient to support their respective convictions. The record upon which the convictions were found is not submitted for review. We are advised, however, that the conduct of the defendants giving rise to the prosecution was that of permitting gambling and tippling, that is, illegal sales and consumption of liquor by the drink on the premises of houses kept by them.[1]

The ordinance provides:

"Disorderly Houses. Any person or persons who shall, within the limits of the City of St. Paul, keep a house of ill-fame, or place resorted to for the purpose of prostitution or lewdness, or who shall keep a disorderly or ill-governed house or place, or a house or place for the practice of fornication, or for the resort of persons of evil name or fame, or dishonest conversation, or who shall permit or suffer to come together, at such houses or place, persons of ill name or fame, or who shall commit or suffer

---

[1] City of St. Paul v. Page, 285 Minn. 374, 173 N. W. (2d) 460; State v. Wilson, 221 Minn. 224, 21 N. W. (2d) 521.

to be committed therein any immoral, immodest, or other improper conduct or behavior, or any tippling, revelling, rioting, or disturbance, and all persons, male or female, who resort to or visit such disorderly houses or house of ill-fame for the purpose of fornication or dishonest conversation or any immoral, immodest or other improper conduct or behavior, or any tippling, revelling, rioting, or disturbance, shall be guilty of a misdemeanor."

There are a host of decisions in most jurisdictions, including decisions of the United States Supreme Court, involving application of the "void for vagueness doctrine." The doctrine, which stems from the common-law principle of strict construction and nonenforcement of incomprehensible penal statutes, is now embodied in the constitutional command of due process.[2] When it is claimed that penal statutes or ordinances are void or unenforceable for unconstitutional uncertainty, the question to be determined is whether their "words and phrases are so vague and indefinite that any penalty prescribed for their violation constitutes a denial of due process of law."[3] Such a legislative enactment offends the first essential of due process when it forbids the doing of an act or a course of conduct in language so vague "that men of common intelligence must necessarily guess at its meaning and differ as to its application."[4] We have applied these fundamentals to cases involving similar attacks on statutes proscribing a course of conduct as well as specific acts. The rules, including the canons of construction, which govern a determination of such a constitutional attack are well stated in these cases and need not be repeated. State v. Johnson, 282 Minn. 153, 163 N. W. (2d) 750; City of St. Paul v. Morris, 258 Minn. 467, 104 N. W. (2d) 902; State v. Suess, 236 Minn. 174, 52 N. W. (2d)

---

[2] See, Note, *The Void for Vagueness Doctrine,* 109 U. of Pa. L. Rev. 67.

[3] Champlin Refining Co. v. Corporation Comm. 286 U. S. 210, 243, 52 S. Ct. 559, 568, 76 L. ed. 1062, 1083.

[4] Connally v. General ⌐onst. Co. 269 U. S. 385, 391, 46 S. Ct. 126, 127, 70 L. ed. 322, 328.

409; State v. Eich, 204 Minn. 134, 282 N. W. 810; State v. Northwest Poultry & Egg Co. 203 Minn. 438, 281 N. W. 753.

The difficulty we experience with defendants' constitutional attack is that it seeks to invalidate the ordinance in toto. Defendants challenge the city's power to punish any violation of the ordinance where the charge is simply that of keeping a disorderly house by the argument that without a precise definition of a disorderly house, the language of the ordinance is so "broad, esoteric, redundant, archaic, and confusing" that hypothetically it may be interpreted by those charged with its enforcement to permit punishment of acts or conduct falling within the protection of the constitutional guaranty of privacy. As defendants frame their attack upon the ordinance, we are compelled to ignore completely the conduct of defendants which gave rise to their prosecutions. Stated another way, whether defendants' conduct is outside the scope of any provision of the ordinance, or whether punishment for such conduct would unduly infringe upon constitutional guaranties, is irrelevant to the constitutional issue by defendants' own choice. There are cases, the most notable of which is Thornhill v. Alabama, 310 U. S. 88, 60 S. Ct. 736, 84 L. ed. 1093, where a defendant has been permitted to defeat his conviction by arguing hypothetical unconstitutionality without demonstrating that, as applied to the facts of his case, there has been an unconstitutional invasion of his right to free speech. All of these cases involve statutes where the language is so vague and indefinite in form, and as interpreted, as to permit within its scope punishment of acts which fall within the protection of the constitutional guaranty of free speech given by the First and Fourteenth Amendments to the United States Constitution.[5] But, so far as we can find, except for these First Amendment cases, the Supreme Court of the United States has adhered to its prevailing practice of refusing to hold a statute

[5] N.A.A.C.P. v. Button, 371 U. S. 415, 83 S. Ct. 328, 9 L. ed. (2d) 405; Winters v. New York, 333 U. S. 507, 68 S. Ct. 665, 92 L. ed. 840; Herndon v. Lowry, 301 U. S. 242, 57 S. Ct. 732, 81 L. ed. 1066.

unconstitutionally vague unless required to do so by a consideration of the facts of the particular case to which it is applied. United States v. Raines, 362 U. S. 17, 80 S. Ct. 519, 4 L. ed. (2d) 524.

It may be conceded, for the purpose of clarifying our disposition of these appeals, that the city ordinance is out of date and badly in need of revision because some of the language surely is broad enough to include conduct which in some potential applications would overreach protected liberties, fails to give fair warning of every course of conduct or particular act proscribed, and lends itself potentially to arbitrary enforcement. Defendants' challenge, however, provides no basis for determining whether the ordinance as applied to the conduct for which they were convicted was so vague as to require them to guess at whether such conduct was prohibited. It is manifest that an unspecified charge of "keeping a disorderly house" could encompass conduct such as keeping a house for the purpose of sexual misconduct, which is clearly prohibited by more than one provision of the ordinance. Without a specific charge, bill of particulars, or review of the facts upon which a conviction was obtained, there is no basis for a reviewing court to determine whether or not the charge or the evidence upon which the conviction was obtained permitted punishment of conduct either outside the scope of the ordinance or falling within the protection of constitutional guaranties. This is not to say that defendants lack standing to challenge the constitutionality of the ordinance. Rather, it is to hold that defendants have failed to establish that the ordinance is unconstitutionally vague on its face and that we decline to pass upon the purely hypothetical issue tendered by these appeals. If we were to do so, not only would we in effect be rendering an advisory opinion, but also, by enumerating the acts or courses of conduct to which the ordinance could constitutionally be applied, we would necessarily rewrite its provisions. That responsibility belongs to the legislative body.

Finally, without a consideration of the conduct of defendants

giving rise to their prosecution and conviction, their assertion that the ordinance is inconsistent with Minn. St. 609.33 is similarly hypothetical. There is no factual basis to support defendants' argument that the ordinance forbids what the state statute permits. Where there is no obvious conflict in the terms employed, such a factual basis is essential to an application of the inconsistency rule. Mangold Midwest Co. v. Village of Richfield, 274 Minn. 347, 143 N. W. (2d) 813. Accordingly, defendants' convictions are affirmed.

Affirmed.