**STATE of Minnesota, Appellant,**

v.

**Terry Lange MERCHERSON,**
**Respondent.**

**No. C4–88–2075.**

Court of Appeals of Minnesota.

April 25, 1989.

Hubert H. Humphrey III, Atty. Gen., St. Paul, Robert J. Alfton, Minneapolis City Atty., Mitchell Lewis Rothman, Deputy City Atty., William J. Korn, Asst. City Atty., Minneapolis, for appellant.

William R. Kennedy, Hennepin Co. Public Defender, Katherine S. Flom, Asst. Public Defender, Minneapolis, for respondent.

Heard, considered and decided by NORTON, P.J., and LESLIE,* J., and MULALLY,* J.

## OPINION

NORTON, Judge.

This is a pre-trial appeal brought by the State of Minnesota. The trial court dismissed the charge brought against Terry Mercherson when it ruled that Minneapolis City Ordinance § 385.170 was unconstitutionally overbroad. Mercherson cross-appeals the trial court's ruling that the ordinance is not unconstitutionally vague. We affirm.

## FACTS

Officer Thomas Billings of the Minneapolis Police Department Narcotics Unit applied for a search warrant for apartments # 117, # 301, and # 310 located in a multidwelling building at 22 Tenth Street in South Minneapolis on January 5, 1988.[1] In his application for the search warrant, Officer Billings stated that he had been contacted by a confidential informant on December 29, 1987; the informant told Officer Billings that he had observed sales of crack cocaine in these three apartments. This informant had previously provided reliable information to the Minneapolis Police Department.

Officer Billings was also contacted by a second confidential informant who stated that he had been in all three apartments and seen the occupants selling crack cocaine in January of 1988. The second informant had also previously provided reliable information.

Officer Billings maintained surveillance at 22 Tenth Street for three hours on January 4, 1988. Officer Billings observed several people enter, then leave the building without staying very long. In particular, Officer Billings saw two known cocaine users enter and leave the building. Neither of the users lived at this address.

The search warrant was signed by a judge and executed by the Minneapolis Police Department on January 5, 1988. Officer Altonen of the Minneapolis Police Department entered and searched apartment # 310. Terry Lynn Mercherson was in apartment # 310 when it was searched by the police. Cocaine, scales, pipes, other drug paraphernalia and cash were seized as a result of the search.

Mercherson's attorney argued that Mercherson was at the building to locate the caretaker and discuss proof of residency for a general assistance voucher. Mercherson was charged with violation of Minneapolis Code of Ordinances § 385.170 (1976) which provides in part:

No person shall * * * visit * * * any building or place with knowledge that * * * the unlawful use, sale or keeping for sale of any drug as defined in section 223.60 of this Code for Ordinances, or of any controlled substance as defined in Minnesota Statutes, section 152.01, subdivision 4, occurs therein. Evidence of the general reputation of such a building or place as one where any of the foregoing occurs shall be prima facie evidence of such knowledge.

At pre-trial, Mercherson moved to have the charge against him dropped or the evidence suppressed, because there was no probable cause to support the search warrant or, in the alternative, to dismiss the charge because Minneapolis Ordinance § 385.170 is unconstitutionally overbroad and vague on its face and as applied to him.

The trial court denied the motion to suppress evidence. However, the trial court dismissed the charge on the ground that the ordinance is unconstitutionally overbroad. The trial court reasoned that:

As written, Minneapolis Ordinance § 385.170 prohibits all people from living in, working at or visiting a building where illegal activity occurs. No state interest is served in making such a broad prohibition. * * * The ordinance could

---

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 2.

1. We deny respondent's motion to strike appellant's appendix which contains the search warrant and supporting documents for the warrant. While these particular documents are not in the trial court file, it is clear that they were before the trial court when it considered this motion.

easily be drafted more narrowly to apply only to the particular residence or area where the illegal activity takes place. Minneapolis Ordinance § 385.170 is overbroad on its face.

The trial court ruled that the ordinance is not vague, because the language is understandable to a person with common intelligence, and plainly prohibits any person from being in any building where the person knows illegal drugs are used, sold or kept; and applies equally to all persons who have the specified type of knowledge.

## ISSUES

I. Is the ordinance unconstitutionally overbroad?

II. Is the ordinance unconstitutionally vague?

## ANALYSIS

### Standard of Review

The construction of a statute is a question of law for the court and is subject to de novo review on appeal. *Hibbing Education Association v. Public Employment Relations Board,* 369 N.W.2d 527, 529 (Minn.1985). Ordinances as well as statutes are presumed to be valid, and are not to be set aside by the courts unless their invalidity is clear. *City of St. Paul v. Kekedakis,* 293 Minn. 334, 336, 199 N.W.2d 151, 153 (1972).

■ In a facial challenge to the overbreadth and vagueness of law, the court's first task is to determine whether the enactment reaches a substantial amount of constitutionally protected conduct. *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.,* 455 U.S. 489, 494, 102 S.Ct. 1186, 1191, 71 L.Ed.2d 362 (1982). If it does not, then the overbreadth challenge must fail. *Id.* Criminal statutes must be scrutinized with particular care and those that make unlawful a substantial amount of constitutionally protected conduct may be held facially invalid, even if they also have legitimate application. *City of Houston, Texas v. Hill,* 482 U.S. 451, 466–67, 107 S.Ct. 2502, 2512, 96 L.Ed.2d 398 (1987).

### I.

The trial court ruled that the Minneapolis ordinance was unconstitutionally overbroad, because it infringed on the first amendment right of freedom of association. The trial court gave two examples of how the ordinance was overbroad. In the first example, the trial court reasoned that the ordinance prohibits a person "from visiting a friend's apartment if that person knew that a tenant in some other part of the building was selling cocaine from his apartment." In the second example, the trial court said that the ordinance would "prohibit a married couple from staying at a prestigious hotel if they knew prostitution occurred in the building."

■ We agree with the trial court that the ordinance infringes on a substantial amount of constitutionally protected activity. There are further illustrative examples of its overbroadness where it infringes on innocent associations, where a party has no intent to commit any illegal act. For example, a child who knows that relatives use illegal drugs in their home could be prosecuted under this ordinance. More significantly, a child could be prosecuted without this specific knowledge, if the general reputation of the home was that illegal drugs were used there. Moreover, a legitimate delivery person could be prosecuted for "visiting" an apartment if the building has a general reputation for the enumerated activities. Because this ordinance does not require any form of intentional illegal behavior, it may prohibit innocent associations and therefore, infringes on a substantial amount of constitutionally protected conduct. *See State v. Krawsky,* 426 N.W.2d 875, 877 (Minn.1988) (provision of an intent element was a necessary precondition to a determination that the statute prohibiting obstruction of a peace officer was not facially overbroad).

We believe the present case is distinguishable from *City of St. Paul v. Franklin,* 286 Minn. 194, 175 N.W.2d 16 (1970) and *City of St. Paul v. Whidby,* 295 Minn. 129, 203 N.W.2d 823 (1972), where the Minnesota Supreme Court held that under the facts of each case the St. Paul City

Ordinance was not unconstitutionally vague or overbroad.

First, the ordinance in *Franklin* provided that:

> Any person or persons who shall, within the limits of the City of St. Paul, keep a house of ill-fame, or place resorted to *for the purpose* of prostitution or lewdness, or who shall keep a disorderly or ill-governed house or place, or a house or place for the practice of fornication, or for the resort of persons of evil name or fame, or dishonest conversation, or *who shall permit* or suffer *to come together,* at such houses or place, persons of ill name or fame, or who shall commit or suffer to be committed therein any immoral, immodest, or other improper conduct or behavior, or any tippling, revelling, rioting, or disturbance, and all persons, male or female, *who resort to or visit such disorderly houses* or house of ill-fame *for the purpose* of fornication or dishonest conversation or any immoral, immodest or other improper conduct or behavior, or any tippling, revelling, rioting, or disturbance, shall be guilty of a misdemeanor.

*Franklin,* 286 Minn. at 195–96, 175 N.W.2d at 17 (emphasis added). It is significant that the St. Paul ordinance requires some form of intentional or purposeful conduct to partake in prohibited activities; no such intentional or purposeful conduct is required in the Minneapolis ordinance. Not only is no intentional conduct needed in the Minneapolis ordinance, but general reputation of the building is prima facie evidence of specific knowledge by a person that prohibited conduct occurs within the building. Such broad and expansive language was not present in the St. Paul ordinance.

Secondly, the supreme court in *Franklin* and in *Whidby* declined to address the issue of the St. Paul ordinance being overbroad on its face, because as applied to the facts in each case, the defendant was clearly guilty of participating in illegal activity. We directly address the issue of the Minneapolis ordinance being facially overbroad. Moreover, the supreme court stated:

It may be conceded, for the purpose of clarifying our disposition of these appeals, that the city ordinance is out of date and badly in need of revision because some of the language surely is broad enough to include conduct which in some potential applications would overreach protected liberties, fails to give fair warning of every course of conduct or particular act prescribed, and lends itself potentially to arbitrary enforcement.

*Franklin,* 286 Minn. at 198, 175 N.W.2d at 18.

We likewise believe the Minneapolis city ordinance is out of date and badly in need of revision, because some of the language is broad enough to include conduct which in some potential applications would overreach protected liberties. Accordingly, we hold the ordinance to be unconstitutional on its face, and affirm the dismissal of the charge against Mercherson.

## II.

■ In addition to arguing that the statute is facially overbroad, Mercherson also argues that the statute is unconstitutionally vague on its face and as applied to him. The void for vagueness doctrine requires "that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Kolender v. Lawson,* 461 U.S. 352, 357, 103 S.Ct. 1855, 1858, 75 L.Ed. 2d 903 (1983).

Respondent argues that the terms "visit," "building or place," and "occurs therein" are vague. We disagree. The ordinance is understandable to a person of common intelligence, and plainly prohibits a person from being in a building where the listed prohibited activities occur.

Mercherson further argues that there can be arbitrary enforcement by the police, because it is left to the police to determine which people have the requisite knowledge. We have discussed in the previous issue our concern regarding the lack of any specific intent, and the provision that "evidence of the general reputation of such a

building * * * shall be prima facie evidence of such knowledge." We believe that this is one reason why the ordinance is overbroad. The ordinance additionally leads to arbitrary enforcement, because it allows a police officer or a prosecutor to determine who is merely innocently visiting a building. It is doubtful that a girl scout delivering cookies to a disorderly house would be arrested, even though it would be permitted under the ordinance if the building had a "general reputation" of being a drug or crack house. Such wide discretion by a police officer or a prosecutor is prohibited.

## DECISION

Minneapolis Ordinance § 385.170 is unconstitutional on its face, because it infringes on a substantial amount of constitutionally protected conduct, and allows arbitrary enforcement of its provision.

Affirmed.