## CITY OF ST. PAUL v. WILLIE PAGE.

173 N. W. (2d) 460.

December 26, 1969—No. 41360.

*Andrew P. Engebretson,* for appellant.

*Joseph P. Summers,* Corporation Counsel, *Thomas M. Mooney,*

Assistant Corporation Counsel, and *Daniel A. Klas,* Special Assistant Corporation Counsel, for respondent.

Heard before Knutson, C. J., and Murphy, Otis, Rogosheske, and Sheran, JJ.

OTIS, JUSTICE.

Defendant appeals from a conviction for operating a disorderly house in violation of St. Paul Legislative Code, § 469.01, which provides as follows:

"Any person or persons who shall within the limits of the City of St. Paul, keep a house of ill-fame, or a place resorted to for the purpose of prostitution or lewdness, or who shall keep a disorderly or ill-governed house or place, or a house or place for the practice of fornication, or for the resort of persons of evil name or fame, or dishonest conversation, or who shall permit or suffer to come together, at such houses or place, persons of ill name or fame, or who shall commit or suffer to be committed therein any immoral, immodest, or other improper conduct or behavior, or any tippling, revelling, rioting, or disturbance, and all persons, male or female, who resort to or visit such disorderly houses or house of ill-fame for the purpose of fornication or dishonest conversation or any immoral, immodest or other improper conduct or behavior, or any tippling, revelling, rioting, or disturbance, shall be guilty of a misdemeanor."

Defendant was prosecuted in the municipal court of the city of St. Paul on a tab charge and was tried by the court without a jury.

Two issues are raised. First, whether it was error to receive evidence obtained by a search warrant without giving defendant prior notice as required by State ex rel. Rasmussen v. Tahash, 272 Minn. 539, 141 N. W. (2d) 3; and, second, whether the evidence sustains a finding of guilty.

On January 20, 1968, at 2:30 a. m., members of the St. Paul police morals squad armed with a search warrant, entered the premises at 624 Selby Avenue and arrested defendant. In the

process of their search, the police took a number of photographs which were subsequently offered in evidence as the city's exhibits C to N. Their admissibility is challenged on this appeal.

1. The photographs which were received show chairs and tables with glasses on them, a bar and stools, an assortment of bottles of hard liquor and soft drinks, a jukebox, a dice table, and decor typical of a drinking and gambling establishment. In addition, one picture shows an automatic pistol and a revolver on a table littered with glasses. Defendant objected to the introduction of these photographs on the ground that they were the products of a search and seizure and the city had failed to advise defendant of its intention to offer them in evidence as required by State ex rel. Rasmussen v. Tahash, *supra.*

The city cites State v. Thomas, 279 Minn. 326, 156 N. W. (2d) 745, as authority for excluding prosecutions for ordinance violations from application of the Rasmussen rule. However, the Thomas case dealt only with the limited question of whether the state had a right to appeal the dismissal of a complaint in an ordinance prosecution, and we held that it did not. We are of the opinion that the decision is here governed by the broad principles we adopted in State v. Paulick, 277 Minn. 140, 151 N. W. (2d) 591; and State v. Borst, 278 Minn. 388, 154 N. W. (2d) 888. Consequently, we hold that in a prosecution for an ordinance violation where, as here, the defendant is exposed to a sentence of confinement the Rasmussen rule applies, but only with respect to the trial of jury cases.

There are two reasons why the failure to comply with the Rasmussen rule does not require reversal in the matter before us. First, this case was tried without a jury, and when the evidence was offered there was ample opportunity for defendant to move for its suppression without seriously disrupting the orderly presentation of the case. The considerations affecting a jury trial are quite different since the continuity of such trials should not be interrupted by the presentation of protracted motions and hearings. Those factors are not present where the case is heard

only by the court. Defendant made no such motion, merely object-
ing to the introduction of the exhibits for failure to comply with
the notice requirement of the Rasmussen case. Hence he cannot
complain that he had no opportunity to conduct a Rasmussen
hearing.

Neither at the trial nor on appeal has defendant asserted
grounds for suppressing the evidence to which he objects. His
objection at the trial was expressly limited to the city's failure
to furnish a Rasmussen notice. Under such circumstances we
hold the city's failure to give prior notice was, at most, harmless
error.

2. Defendant argues that the evidence is as consistent with
a finding that defendant's premises were being used for purely
social purposes as with a finding they were being operated as
a disorderly house. We are not persuaded by this argument. The
rooms were on the second floor of a commercial building and
were completely equipped for gambling and tippling. There were
some 25 persons drinking and gambling on the premises when
the police entered. There is no claim that defendant had a liquor
license or any other license to operate a place of entertainment.
A finding that defendant was operating a disorderly house in
violation of the ordinance was not only permitted by the evi-
dence but was virtually compelled. See, State v. Wilson, 221
Minn. 224, 21 N. W. (2d) 521. The conviction is therefore af-
firmed.

Affirmed.