IN RE WELFARE OF WAYNE EDWARD SPENCER.

179 N. W. (2d) 95.

July 31, 1970—No. 41711.

[black redaction bars]

*Smith, Marino & Becker, Bernard P. Becker,* and *George C. Stoll,* for appellant.

*Douglas M. Head,* Attorney General, *George M. Scott,* County Attorney, and *Michael J. Gallagher,* Assistant County Attorney, for respondent.

PETERSON, JUSTICE.

Wayne Edward Spencer, a 15-year-old juvenile (hereafter defendant), was adjudicated a delinquent child in Hennepin County Juvenile Court, the Honorable Lindsay G. Arthur, Judge. He appeals from that order of adjudication.

The delinquent act was the taking of unconsented, indecent liberties upon the female victim, a 19-year-old unmarried minor. See, Minn. St. 609.296. In the late evening hours of July 11, 1968, and the early hours of the next day, a party was in progress at a house in south Minneapolis, attended by some 15 persons, including the young defendant. The victim had come to the house to stay overnight with a girl friend who resided there. They were not participants in the party and, because the atmosphere was threatening, they left the premises, returning in the early daylight hours of the morning only to retrieve the victim's luggage. On their attempted departure the second time, Billy Bradford and another young man forcibly prevented their exit. Bradford beat the victim, bruising her and breaking her nose, after which she was half-dragged, half-led, to an upstairs bedroom. There she was subjected to sexual intercourse by Bradford and six other young males, including the defendant.

Defendant and other participants were arrested later that morning, and defendant was placed in a police lineup with seven or eight other youths. His parents were not present, and he was not represented by counsel. The victim readily identified defend-

ant at the lineup as one of the participants in the offense. She later identified defendant again at the proceedings in juvenile court.

The basic contention of defendant is that, as an accused in a juvenile delinquency proceeding which may lead to commitment in a state institution, he is entitled to all the constitutional protections of an adult accused of crime, In re Gault, 387 U. S. 1, 87 S. Ct. 1428, 18 L. ed. (2d) 527, including the presence of counsel at the confrontation of a police lineup, United States v. Wade, 388 U. S. 218, 87 S. Ct. 1926, 18 L. ed. (2d) 1149. He argues from that premise: (1) The subsequent in-court identification by the victim should have been suppressed for failure of the state to establish by clear and convincing evidence that such identification was not induced by or dependent upon the tainted lineup identification; and (2) a separate pretrial hearing for consideration of a claim to suppress evidence on constitutional grounds, State ex rel. Rasmussen v. Tahash, 272 Minn. 539, 141 N. W. (2d) 3, is required in such juvenile court proceedings.

■ We do not determine the validity of defendant's basic constitutional premise[1] because the specific issues raised are deter-

---

[1] The issue has yet to be decided by the United States Supreme Court. In re Gault, 387 U. S. 1, 87 S. Ct. 1428, 18 L. ed. (2d) 527, determined, as a matter of due process and fair treatment, that a child had a right to be represented by counsel at the juvenile proceeding, but limited the scope of its holding with these words (387 U. S. 13, 87 S. Ct. 1436, 18 L. ed. [2d] 538): "[W]e are not here concerned with the procedures or constitutional rights applicable to the pre-judicial stages of the juvenile process, nor do we direct our attention to the post-adjudicative or dispositional process." The limiting emphasis upon the "adjudicatory stage" was reiterated in In re Winship, 397 U. S. 358, 90 S. Ct. 1068, 25 L. ed. (2d) 368, which probably excludes the application of United States v. Wade, 388 U. S. 218, 87 S. Ct. 1926, 18 L. ed. (2d) 1149, to juvenile proceedings. But Winship's holding, that a juvenile, when charged with an act which would constitute a crime if committed by an adult, is, like an adult, constitutionally protected from conviction except upon proof beyond a reasonable doubt of every fact necessary

minable without resort to that premise. We agree with Judge Arthur that, regardless of the argued infirmity of the police lineup, the subsequent in-court identification was not an exploitation of such assumed illegality and that it was therefore independently admissible. The test for such admissibility, as stated in Wade (388 U. S. 241, 87 S. Ct. 1940, 18 L. ed. [2d] 1165)—

"* * * requires consideration of various factors; for example, the prior opportunity to observe the alleged criminal act, the existence of any discrepancy between any pre-lineup description and the defendant's actual description, any identification prior to lineup of another person, the identification by picture of the defendant prior to the lineup, failure to identify the defendant on a prior occasion, and the lapse of time between the alleged act and the lineup identification."

There was, we hold, clear and convincing evidence to support Judge Arthur's finding that the in-court identification was based upon observations of the defendant other than the lineup identification. The victim had substantial prior opportunity to observe the alleged criminal act at close range and under adequate conditions of light. There was no discrepancy at any time in her identifications of the defendant. She had not been shown a picture of the defendant prior to the lineup, so that her identification was free from any power of such suggestion. There was no significant lapse of time between the charged act of delinquency and the lineup identification, for the lineup had occurred only a few hours after the offense, and the juvenile court proceedings took place only a little more than a month later. The victim stated

---

to constitute the crime, may forecast ultimate application of the Wade principle to meet the Winship demand for "extreme caution in fact finding." 397 U. S. 365, 90 S. Ct. 1073, 25 L. ed. (2d) 376.

explicitly that she could have identified defendant without the assistance of the lineup.[2]

■ The determination of the admissibility of the victim's challenged identification testimony was made in the course of the extended juvenile proceeding, without a separate Rasmussen hearing. The pretrial hearing is designed to isolate from the ultimate guilt-determining process before a jury the preliminary process in which the court determines the constitutional admissibility of confessions and seized evidence. And we have encouraged trial courts to employ such hearings in determining the propriety of identification testimony prior to trial. State v. Clark, 286 Minn. 419, 176 N. W. (2d) 123. This procedure is not mandatory, however, where trial is to the court without a jury. City of St. Paul v. Page, 285 Minn. 374, 173 N. W. (2d) 460. It is not mandatory, therefore, in a juvenile proceeding.

In an argument applicable equally to a court trial of an adult or a juvenile, defendant contends that without a Rasmussen hearing a defendant is prejudicially compelled to abandon his constitutional right to remain silent, In re Gault, *supra*, in order to contest the admissibility of the in-court identification. This is not so, for a defendant in such circumstances may take the stand for that limited purpose only and without waiving his right to silence as to matters beyond the scope of that isolated issue. Defendant gave no indication during the juvenile proceedings that he wished to testify subject to such limitation, and the manifest solicitude of the court gives every reason to believe that such request, if made, would have been granted.

Affirmed.

MR. JUSTICE KELLY, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.

---

[2] In addition to the standard stated in United States v. Wade, *supra*, see, also, our own recent decisions in State v. Parker, 282 Minn. 343, 164 N. W. (2d) 633; Broberg v. State, 287 Minn. 66, 176 N. W. (2d) 904.