## STATE v. WILLIAM BELL.

199 N. W. 2d 769.

July 21, 1972—No. 42788.

*C. Paul Jones,* State Public Defender, and *Mollie G. Raskind,* Assistant State Public Defender, for appellant.

*Warren Spannaus,* Attorney General, *William B. Randall,* County Attorney, and *Steven C. DeCoster,* Assistant County Attorney, for respondent.

Heard before Knutson, C. J., and Todd, MacLaughlin, and Gunn, JJ.

MacLAUGHLIN, JUSTICE.

Defendant has appealed his conviction of aggravated robbery. Minn. St. 609.245. We affirm the judgment of conviction.

**Defendant was accused of having robbed a neighborhood grocery store in St. Paul and was positively identified in court by the two proprietors of the store as the man who, along with a young accomplice, held them at gunpoint on a Sunday evening in November 1969, while demanding the contents of the store's cash register.**

It appears that defendant had shopped at the store on more than one occasion several months prior to the robbery. Although the record does not reveal how defendant was found, the testimony does indicate that the store owners may have been aware of the location of defendant's residence.

At approximately 3 o'clock on the morning following the robbery, defendant was arrested at his apartment. Later that same morning defendant was placed in a lineup, having signed a police form whereby he purported to waive whatever right he had to be represented by counsel at that lineup.[1] He was there identified by the store owners as the man who had robbed them. At 3 o'clock that afternoon defendant was interrogated by police and allegedly confessed to the crime. According to police testimony a written statement to that effect was dictated during the interrogation which defendant subsequently refused to sign. At 8:30 the following morning defendant was again questioned, at which time he signed a "waiver and consent to search" form intended to authorize a search of his apartment. The search was made and clothing matching that worn by the robber was allegedly seized, although it was not introduced at trial.

---

[1] We note the holding in Kirby v. Illinois, 406 U. S. 682, 92 S. Ct. 1877, 32 L. ed. 2d 411 (1972), that the right of counsel does not arise at the stage of a pre-indictment lineup.

Each of the police officers involved in the arrest and various interrogations of defendant testified that defendant had been apprised of his Miranda rights and that they had been explained to him. Similarly, it was stated that the forms which defendant signed had been read and explained to him and that he had initialed each of their various provisions to indicate his understanding of their contents. It is undisputed that defendant had little formal education, possesses a minimal command of language, and has meager communicative skills. He reads poorly if, indeed, he can realistically be said to read at all.

It is claimed on appeal that evidence pertaining to the lineup should have been heard at the pretrial hearing, that the alleged waiver of counsel at the lineup was not intelligently made, that certain remarks made by the prosecutor were improper and prejudicial, and that the conduct of law enforcement personnel, taken altogether, constituted a denial of a fair trial.

■ State v. Clark, 286 Minn. 419, 176 N. W. 2d 123 (1970), and In re Welfare of Spencer, 288 Minn. 119, 179 N. W. 2d 95 (1970), set forth persuasive reasons for consideration of matters pertaining to identification evidence at the pretrial hearing. Nevertheless, we think the trial court was within the discretion permitted in State v. Bishop, 289 Minn. 188, 183 N. W. 2d 536 (1971), when it declined to hear matters concerning the lineup at defendant's Rasmussen hearing.[2] The ample opportunity

---

[2] In State v. Bishop, 289 Minn. 188, 192, 183 N. W. 2d 536, 539 (1971), we observed: "Defendant makes the additional claim that language found in State v. Clark, 286 Minn. 419, 176 N. W. (2d) 123, required the court to hold a pretrial hearing on the motion to suppress identification testimony. * * * [I]t may be said that problems which identification testimony raise are mainly evidentiary and may be determined at the trial level as part of a pretrial hearing on suppression of evidence. This may be done in the manner provided in State ex rel. Rasmussen v. Tahash, 272 Minn. 539, 141 N. W. (2d) 3. State v. Clark, *supra,* does not say that a pretrial hearing on the trustworthiness of identification testimony must be held whenever such testimony is to be used or whenever a pretrial hearing thereon is requested. * * * While we have, by a

which the store owners had to observe and identify the robber confronting them would provide a sufficient basis for identification of the robber independent of the lineup. Such opportunity, without evidence that the observation was of doubtful trustworthiness, as was the case in State v. Gluff, 285 Minn. 148, 172 N. W. 2d 63 (1969), adequately supports the trial court's decision to exclude identification matters from the Rasmussen hearing.

■ Whether defendant intelligently waived counsel at his lineup presents a question of sufficiency of evidence. The trial court indicated its awareness of defendant's extreme difficulties relative to written and perhaps oral communication and expressed its satisfaction that defendant, upon having each provision of the waiver form explained to him, did in fact understand those provisions. We cannot say that the trial court's conclusion was so contrary to the evidence as to constitute reversible error.

■ While we do not believe remarks made by the prosecutor were so prejudicial as to amount to a denial of a fair trial, we do note with disapproval counsel's comment upon the failure of the defense to call witnesses to support defendant's alibi. In State v. Russell, 282 Minn. 223, 164 N. W. 2d 65, certiorari denied, 396 U. S. 850, 90 S. Ct. 109, 24 L. ed. 2d 100 (1969), we indicated that such argument by the prosecution, while not necessarily warranting a new trial, does not meet with the approval of this court. In this instance, the trial court's carefully worded instructions to the jury adequately prevented any prejudice to defendant from occurring as a result of counsel's indiscretion.

---

number of authorities, required pretrial discovery and disclosure of evidence to prevent prejudicial use against a defendant in a criminal case, we are not prepared to say that in every situation where identification witnesses may be used, their testimony should be filtered or tested by a pretrial proceeding. While it may well be that circumstances may arise which indicate that, in fairness, a pretrial hearing should be had with reference to proposed identification evidence, the decision as to whether or not there should be a pretrial hearing thereon must be left to the sound discretion of the trial court, to be exercised in light of all the surrounding circumstances."

■ Finally, it is urged that in view of defendant's reading and communicative problems, greater effort should have been made to secure for him the assistance of counsel soon after his arrest. While there is insufficient evidence to indicate that defendant's waiver of his right to counsel was the product of such limited understanding of the nature of his predicament that he was unable to adequately protect his interests, nevertheless we again register disapproval of the treatment afforded him. His reading and comprehension problems were obvious, his need for the assistance of counsel was obvious, and the availability of counsel was obvious. The decision to obtain waiver of important constitutional rights under such circumstances was at best an imprudent one.

Affirmed.