STATE v. RICHARD M. HOLTY.

238 N. W. 2d 615.

January 16, 1976—No. 45206.

*C. Paul Jones,* State Public Defender, and *Robert E. Oliphant,* Special Assistant State Public Defender, for appellant.

*Warren Spannaus,* Attorney General, *Peter W. Sipkins,* Solicitor General, *Richard B. Allyn,* Assistant Attorney General, *Joan Swartz,* Special Assistant Attorney General, *Robert C. Tuveson,* County Attorney, and *Robert A. Goldman,* Assistant County Attorney, for respondent.

PER CURIAM.

Defendant was found guilty by a district court jury of a charge of aggravated rape, Minn. St. 1974, § 609.291(1), and sentenced by the trial court to a maximum indeterminate term of 15 years' imprisonment. On this appeal from judgment of conviction, defendant contends that (1) the evidence was insufficient as a matter of law, (2) the prosecutor committed prejudicial misconduct, (3) defendant was denied his right to trial by a fair and impartial jury, and (4) defense counsel did not provide effective representation. We affirm.

1. The key evidence against defendant was the victim's testimony that she accepted a ride home from a bar with defendant and that defendant raped her in the car. The testimony of the doctor who examined the victim 1 hour after the alleged assault corroborated her testimony that she had been raped. Further, defendant, although denying the rape, admitted giving the victim a ride home from the bar. In summary, there was both direct and circumstantial evidence of defendant's guilt, and this evidence clearly supported the verdict.

2. The first claim of prosecutorial misconduct relates to the prosecutor's elicitation of testimony from the victim that when she told defendant she was going to call the police he responded that one more charge would not make any difference. Defendant argues that this improperly informed the jury of his prior criminal record. However, it

is clear from the trial transcript that defense counsel knew in advance of trial that the prosecutor might try to introduce this statement, and this being so, we must assume that he deliberately chose not to object. Since defendant took the stand in his own defense, we may assume that defense counsel anticipated that defendant would have to disclose his prior record in any event. See, State v. Seelye, 297 Minn. 478, 209 N. W. 2d 918 (1973). Without deciding the merits of defendant's argument, we hold that under all the circumstances there was no error.

We also reject defendant's claim that the prosecutor committed misconduct in cross-examining defendant and the only other defense witness about their prior felony records. See, State v. Stewart, 297 Minn. 57, 209 N. W. 2d 913 (1973); State v. West, 285 Minn. 188, 173 N. W. 2d 468 (1969).[1]

While cross-examining a defense witness, the prosecutor did fail to follow the procedure recommended in State v. Williams, 297 Minn. 76, 210 N. W. 2d 21 (1973), that prosecutors inquire about prior convictions only when they can produce evidence to rebut a denial. But we do not believe this error by the prosecutor prejudiced defendant because, as the trial court pointed out, this witness, although denying one conviction, admitted two others. Thus, in any event, the jury would have been aware of the witness' felony record.

The final claim of prosecutorial misconduct relates to the prosecutor's comment in closing argument on defendant's failure to call his girl friend to corroborate defendant's testimony that he dropped off the victim at her apartment and proceeded to his girl friend's house at 11 p. m. on the night in question. We agree that this comment was error (see, State v. Caron, 300 Minn. 123, 218 N. W. 2d 197 [1974], and State v. Bell, 294 Minn. 189, 199 N. W. 2d 769 [1972]), but hold that defendant waived any claim of error by failing to object and by failing to move for cautionary instructions and instead choosing to explain in closing argument why he had not called his girl friend (his explanation being that it was unnecessary to call her because it was undisputed that he dropped the victim off at 11 p. m.).

---

[1] An advisory committee has been appointed by this court charged with the duty of recommending rules of evidence for this court's consideration which will include, presumably, recommendations to the court concerning the rule promulgated in State v. West, 285 Minn. 188, 173 N. W. 2d 468 (1969). In the meantime, Federal Rules of Evidence, governing proceedings before United States courts and magistrates, have been adopted, effective July 1, 1975. P. L. 93-595; 88 Stat. 1926. See, Rule 609, Impeachment by Evidence of Conviction of Crime.

3. Defendant's third contention is that he was denied his right to a fair, and impartial trial by jury because the jury that convicted him was all female. In order for this claim to prevail, defendant would have to show that the process by which the jury panel was selected was defective. As the United States Supreme Court stated in Taylor v. Louisiana, 419 U. S. 522, 538, 95 S. Ct. 692, 702, 42 L. ed. 2d 690, 702 (1975), it is not enough to show that a particular jury was all male or female because defendants are not entitled to a jury of a particular composition nor is there a requirement that a particular jury mirror the community.

There is nothing in the record of this case to indicate that the process by which the jury or jury panel was selected was defective. Further, defendant did not raise this issue until after trial.

4. There is no merit to the final contention that defense counsel did not provide adequate representation.

Affirmed.