### In the Matter of the WELFARE OF J.P.L.

### No. C7–84–1316.

Court of Appeals of Minnesota.

Jan. 8, 1984.

William R. Kennedy, Hennepin County Public Defender, David Knutson, Asst. County Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., State of Minn., Thomas J. Johnson, Henne- pin Co. Atty., Beverly J. Wolfe, Asst. Co. Atty., Minneapolis, for respondent.

Heard, considered and decided by CRIP-PEN, P.J., and FORSBERG and RAN-DALL, JJ.

## OPINION

RANDALL, Judge.

This is an appeal from an adjudication of delinquency following a hearing on charges of aiding and abetting a misdemeanor theft, a shoplifting committed by a companion. Appellant challenges the admissibility of a signed statement dictated to him by a department store security guard, as well as the sufficiency of the evidence against him. We affirm.

## FACTS

On February 27, 1984, appellant was observed in the Dayton's toy department by store personnel. As related at trial by Gail Riley, a store detective, who was called to the scene, J.P.L. (age 12) and a companion were standing by the door to the back storeroom when she arrived. It appeared to her that they were trying to get into the storeroom.

Riley then saw the juveniles go to an aisle in the toy department, where each took a toy truck from the shelf. She heard J.P.L. tell the other boy "to take it." The companion then tore the package off the truck and pocketed it. J.P.L. threw the truck he had back on the shelf.

The boys then went to the men's bathroom on the same floor, appellant standing outside the door while his companion entered. Riley was joined by another security officer, and as they approached the restroom, appellant yelled into the bathroom, "They're coming." Riley grabbed appellant's arm, and he said, "He took it. I didn't take it." The other security officer entered the restroom and apprehended the other boy, who had possession of the truck. The boys were taken to the store security office.

In the security office, appellant was placed in one room, with the door locked, and his companion was placed in a separate room. Riley then proceeded to take a statement from appellant. She crossed out the *Miranda* warning language printed on the form, and wrote out a description of what she had observed in the first-person form of a confession.

The procedure was succinctly described by Riley:

I wrote out a statement of fact of what did occur. I issued one to Johnny. I asked Johnny if he could read or understand it. He said no, so I read the statement of fact of what did happen. I asked him if he understood it and he said yes; and if this is true here is a place to sign. He signed the statement.

In the statement, appellant admitted having asked his friend to steal the toy car.

A delinquency petition was filed alleging that appellant had aided and abetted the theft of property valued less than $250. The value of the toy was $5 99.

### ISSUE

Was the evidence sufficient to support the adjudication of delinquency?

### ANALYSIS

Appellant was adjudicated delinquent based on the evidence supporting the charge of aiding and abetting the theft of the toy truck. Appellant sought to suppress the written statement at the beginning of the hearing, but the motion was not decided, and the court proceeded to hear the testimony of Officer Riley, the only witness to testify.

Following the testimony and arguments of counsel, the trial court made its finding as follows:

My feeling is the Petition has been proven regardless of Exhibit A [the written statement].

The statute defining vicarious criminal liability states as follows:

A person is criminally liable for a crime committed by another if he intentionally aids, advises, hires, counsels, or conspires with or otherwise procures the other to commit the crime.

Minn.Stat. § 609.05, subd. 1 (1982). The court could have found, based on Riley's testimony, that appellant advised or counseled the theft by telling his companion "to take [the toy truck]." It could also have found that by warning the other boy of the security officers' approach, appellant aided the theft.

Theft is defined as being committed by one who

(1) Intentionally and without claim of right takes, uses, transfers, *conceals* or retains possession of movable property of another without his consent and *with intent to deprive the owner permanently of possession of the property* * * *.

Minn.Stat. § 609.52, subd. 2(1) (1982) (emphasis added).

Riley's testimony showed that appellant's companion concealed the toy in his pocket, and concealed himself in the restroom. Appellant's argument focuses on a lack of element of intent. However, intent can be determined from all objective facts and circumstances, *State v. Whisonant*, 331 N.W.2d 766 (Minn.1983), and the evidence here, including concealment, removal of packaging, and flight from security personnel, was consistent with the intent required. Appellant's argument to the contrary is not persuasive.

The methods used by private security personnel in this case raise serious problems with the voluntary nature of the statement obtained. The trial court, however, did not rule on the admissibility of the statement and it is not properly before us. The record supports the prosecutor's argument that the court decided the case without using the offered confession as evidence. We agree that even without the statement the court's finding of delinquency was supported by the record and can be sustained. However, we agree with appellant that the finding of guilt could have been tainted by the court's knowledge of appellant's confession.

The procedure used in this case, combining the constitutional question surrounding the admissibility of a statement along with the trial on the question of guilt or innocence, highlights the problem recognized by this court in the recently released opinion of *In Re Welfare of A.B.L. and J.D.W.*, 358 N.W.2d 417 (Minn.Ct.App.1984). In any court trial, whether a juvenile matter or a criminal matter where the defendant has waived a jury, allowing the same judge who has considered a defendant's confession and then suppressed it to decide the defendant's guilt or innocence requires the assumption that the contents of the confession do not lurk in the judge's subconscious. Such a rigid assumption is a legal fiction. To safeguard the integrity of a jury trial, the Minnesota Rules of Criminal Procedure jealously safeguard the right of a defendant to argue the suppression of his confession in a private pre-trial hearing apart from the jury. *See, State ex rel. Rasmussen v. Tahash*, 272 Minn. 539, 141 N.W.2d 3 (1965); Minn.R.Crim.P. 12.04, subd. 3.

█ If the confession is suppressed (absent its possible use for impeachment—which is not the question in point), it is grounds for a reversal and/or mistrial for the prosecutor or the judge to bring it to the jury's attention, even inadvertently. *State v. Anderson*, 298 N.W.2d 63 (Minn. 1980). The question is—why do we make exceptions for judges? Expecting a judge who is entitled to see and examine a confession before suppressing it on constitutional grounds to go on to decide the guilt or innocence of a defendant based solely on the state's other evidence without using that confession, subconsciously or consciously, to corroborate the state's other evidence, is unrealistic. Such an expectation asks for objectivity that logically cannot be delivered.

█ We recognize that the present rule in juvenile proceedings is otherwise. *See, In re Spencer*, 288 Minn. 119, 179 N.W.2d 95 (1970); Rule 26.01, Rules of Procedure for Juvenile Court. However, we share the concern of a recent commentator:

Combining the suppression hearing with the trial on the merits is * * * a highly prejudicial practice that increases the likelihood of erroneous determinations of guilt.

Feld, "Criminalizing Juvenile Justice: Rules of Procedure for the Juvenile Court," 69 Minn.L.Rev. 273 (1984).

The better procedure in juvenile cases would be to follow the procedure in criminal gross misdemeanor and felony cases—that is, have the suppression hearing separate and before trial. If the confession is ruled admissible, there is no harm in having that same judge hear the case on the merits, as the confession is now in. If the defendant feels he has been aggrieved on the suppression hearing, he has the right of appeal after conviction. If, however, the confession is suppressed, the adjudication hearing should be assigned to another juvenile judge to hear on the merits.

## DECISION

The evidence was sufficient to support the adjudication of delinquency for aiding and abetting the theft. The admissibility of the written confession was not ruled on, and is not before this court. The failure to bifurcate the Rasmussen hearing on this issue from the trial on the merits is criticized.

Affirmed.