STATE of Minnesota, Respondent,

v.

Roger A. WALKER, Appellant.

No. CX–85–381.

Court of Appeals of Minnesota.

July 23, 1985.

Hubert H. Humphrey, III, Atty. Gen., James B. Early, Sp. Asst. Atty. Gen., St. Paul, and David Olin, Pennington Co. Atty., Thief River Falls, for respondent.

C. Paul Jones, Minn. State Public Defender, Susan K. Maki, Asst. Public Defender, University of Minnesota, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and PARKER and CRIPPEN, JJ., with oral argument waived.

## OPINION

PARKER, Judge.

Appellant Roger Walker was convicted of burglary in the third degree in violation of Minn.Stat. § 609.582, subd. 3 (1984), and theft in violation of Minn.Stat. § 609.52, subds. 2(1) and 3(1) (1984). On appeal he raises a number of issues challenging his conviction, including (1) the admission of evidence seized pursuant to a search warrant; (2) sufficiency of the evidence; (3) erroneous admission of hearsay evidence; (4) prosecutorial error in closing argument; and (5) error in failing to conduct a *Schwartz* hearing after laughter was heard in the jury room. We affirm.

## FACTS

Sometime between 2:00 a.m. on July 8, 1984, and the morning of July 9, 1984, the Rusty Nail Bar and Lounge in Thief River Falls was burglarized. The intruder(s) came in through the roof, went down a ventilation air shaft, and broke a hole in the ceiling inside the bar. About $8,000 was taken.

Investigators found tennis-shoe footprints on the roof leading to the ventilation shaft and inside. They also noted that the ventilation shaft had fiberglass insulation and that there was a fine powdery dust on the insulation. Insulation was found on the bar and on the floor.

The police obtained a warrant to search Walker's house and seized a T-shirt, tank top, ski mask, glove, underwear, and tennis shoes. All of these items were later analyzed by the BCA and were found to have brown, powdery dust and/or fiberglass material on them similar to that found at the Rusty Nail. A BCA analyst testified that the footprints from the scene could only have come from the shoes seized from Walker's home, based on their sole pattern, size, wear pattern, and other individual characteristics. Asphalt found in the tennis shoes was also consistent with the asphalt material from the roof of the Rusty Nail. In searching Walker's home the police also found $922 hidden in some socks in his bedroom closet.

Evidence also showed that Walker was a former employee of the Rusty Nail. The restaurant had an alarm system which is

tripped by anyone breaking in through doors or windows.

## ISSUES

1. Was evidence seized pursuant to the search warrant properly admitted?

2. Was the evidence sufficient to sustain appellant's conviction?

3. Did the trial court err in not sustaining appellant's hearsay objection?

4. Did the prosecutor commit reversible error in closing argument?

5. Did the trial court abuse its discretion in not granting a *Schwartz* hearing based on allegations of laughter from the jury room?

## DISCUSSION

### I

■ Walker claims there was no probable cause for the search warrant. In determining whether probable cause for a search warrant exists, the totality of the circumstances must be examined. *See Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983); *Massachusetts v. Upton*, — U.S. —, 104 S.Ct. 2085, 80 L.Ed.2d 721 (1984). Great deference must be given to a magistrate who issues a search warrant using the totality of the circumstances test. *State v. Wiley*, 366 N.W.2d 265, 268 (Minn.1985).

■ Here the affidavit supporting the warrant contained information which led to the affiant's belief that the crime was committed in the same mode as an earlier burglary at the Lantern Restaurant in Thief River Falls (similar footprints, prying tool also used, entry through something other than the door, only money stolen). The affiant knew that Walker and two others had been implicated in the Lantern burglary by a reliable, unidentified informant who had previously provided accurate information. The affidavit said, "This information had led to convictions regarding stolen property cases and has led to the solving of several other cases * * *. Affiant is very familiar with said informant and is aware

that his information given to him has been accurate in the past." Further, police officers had seen the other two suspects in the Lantern burglary riding bicycles about 1:00 a.m. on July 9, 1984, ducking out of the officers' sight, and bike tracks were found in an alley near the Rusty Nail. Given these circumstances, the trial court had a substantial basis for concluding that evidence of the Rusty Nail burglary would be found at the homes of Walker and the two suspects actually seen that night. We conclude the search warrant was supported by probable cause.

■ Walker's related argument that the search warrant was void because the officer acted with reckless disregard for the truth is without merit. The trial court specifically found in its omnibus hearing order that the officer did not act in disregard for the truth. Walker has not shown that this finding is clearly erroneous. *See State v. Linder*, 268 N.W.2d 734 (Minn.1978).

### II

■ We have reviewed the record and find there was ample evidence to support Walker's conviction.

### III

In cross-examination of a BCA agent, defense counsel asked the following questions about Pauline Rupprecht, Walker's roommate:

Q: And again you know that these are Pauline Rupprecht's shoes, right?

A: Pauline Rupprecht told me that they were her shoes.

\* \* \* \* \* \*

Q: And if in fact they're Pauline Rupprecht's shoes and she were wearing them that night, then Pauline Rupprecht should be charged here rather than Roger Walker, right?

A: *Pauline Rupprecht told me she was not wearing the shoes that night.*

Q: Will you answer my question, if we make those assumptions, that's the

case isn't it? And I'm going to ask that—

A: Under that hypothetical—

Mr. Novacek [defense counsel]: Your Honor, I'm going to ask that the hearsay answer he gave me be stricken please.

THE COURT: Overruled. The answer may stand.

(Emphasis added).

■ Walker claims that failure to strike the statement, "Pauline Rupprecht told me she was not wearing the shoes that night," resulted in a denial of his right to confrontation. However, assuming the objection was timely, defense counsel undoubtedly "opened the door" by earlier eliciting the hearsay response that Pauline Rupprecht told the agent the shoes belonged to her. *See generally State v. Rachuy,* 349 N.W.2d 824, 826–27 (Minn.1984); *State v. Jones,* 329 N.W.2d 832, 833 (Minn.1983). He should not be heard to complain when eliciting responsive hearsay to a question of dubious probative value.

The question improperly assumed a fact not in evidence (that Rupprecht wore the shoes), was argumentative, and called for an opinion by a BCA agent as to who should be charged. The answer was directly responsive to the question asked. The trial court committed no error in allowing it to stand.

## IV

Walker contends that reversible prosecutorial error was committed in closing argument.

The prosecutor said:

* * * as the Defense would have you believe that somebody else besides Roger Walker committed that offense. Maybe somebody else who was staying there. Well, have you heard anything to lead you to believe that that was a rental unit or somebody else besides Pauline Rupprecht was staying there? The Defense has just as much right as the State does to subpoena witnesses to come and testify.

Defense counsel objected, and the trial court immediately instructed the jury that "either party can call witnesses, the state or the defendant, and if the witness is available to both, why it's just as fair for the state to call them as it is the defendant." In its instructions the trial court told the jury that the State had the burden of proof and that the defendant had no obligation to prove his innocence.

■ It was clearly error for the prosecutor to comment on the defendant's failure to call other witnesses. *See State v. Fields,* 306 Minn. 521, 522, 237 N.W.2d 634 (1976). However, curative instructions were given. *See State v. Bell,* 294 Minn. 189, 192, 199 N.W.2d 769, 771 (1972). In light of the strong evidence of Walker's guilt, we conclude that this misconduct did not likely play a substantial part in influencing the jury to convict. *See State v. Caron,* 300 Minn. 123, 128, 218 N.W.2d 197, 200 (1974); *cf. State v. Rule,* 355 N.W.2d 496, 498 (Minn.Ct.App.1984). We therefore conclude that a new trial is not warranted.

■ Walker also asserts error in the prosecutor's comments that Walker had not presented any evidence to rebut the BCA's expert testimony. While such comments are improper, no timely objection was made. Further, as the trial court noted in denying Walker's later motion for a mistrial or new trial, the remarks were not so unusually serious as to warrant a new trial.

## V

■ During jury deliberations defense counsel heard laughter from the jury room. He moved for a *Schwartz* hearing to have the jurors interrogated to determine whether they were taking the matter seriously. *See Schwartz v. Minneapolis Suburban Bus Co.,* 258 Minn. 325, 328, 104 N.W.2d 301, 303 (1960). The trial court denied the motion, stating that laughter in the jury room is not uncommon and does not in itself indicate any misbehavior.

The trial court has broad discretion in deciding whether to grant a *Schwartz* hearing. *See State v. Scheerle,* 285 N.W.2d 686, 688 (Minn.1979). That discretion was not abused here.

## DECISION

Evidence seized in reliance on a search warrant was admissible because the warrant was based on probable cause. The evidence was sufficient to sustain appellant's convictions for burglary and theft. A hearsay objection was properly overruled. Prosecutorial error committed in closing argument did not, in the light of the strong evidence of guilt and the standards of *State v. Caron,* require a new trial. The trial court did not abuse its discretion in denying a *Schwartz* hearing based on allegations of laughter from the jury room.

Affirmed.