STATE of Minnesota, Respondent,

v.

James L. HARMENING, Appellant.

No. C3–85–867.

Court of Appeals of Minnesota.

Oct. 29, 1985.
Review Denied Dec. 13, 1985.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, David Johnson, Koochiching Co. Atty., International Falls, for respondent.

C. Paul Jones, State Public Defender, Kathy King, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and LESLIE and NIERENGARTEN, JJ., with oral argument waived.

## OPINION

LESLIE, Judge.

Appellant, James Harmening, was convicted of criminal sexual conduct in the second degree, Minn.Stat. § 609.343(a) (1984), for sexual contact with a four-year old girl. Appellant contends that the evidence was insufficient, that he was denied a fair trial because of prosecutorial misconduct and because of an erroneous jury instruction, and that he is entitled to a new trial based on newly discovered evidence. He also contends he was denied his constitutional right of confrontation by being denied access to certain medical and psychological records of the victim. We affirm.

## FACTS

In January 1984, Linda D., the mother of four-year old C.D., lived in International Falls, Minnesota. She began seeing appellant in April. In May appellant also began dating another woman. C.D. was left alone with appellant at his apartment at times.

In September C.D. and her younger brother were placed in the foster home of Geraldine Reimers while Linda sought chemical dependency treatment. One evening C.D., referring to appellant, said that "he hurt me, he hurt my peepee really bad." Reimers called Koochiching Family Services and the next day C.D. repeated her allegation to a representative from family services. In October, Linda and her children moved to Hillcrest House in Duluth, a chemically free board and lodging facility offering support for women and their children.

C.D. was interviewed by Duluth Police Officer Jeanette Laine at the request of the International Falls police. C.D. was given anatomical correct dolls and demonstrated how Jim put a rubber band in her vaginal opening. C.D. also indicated with dolls that Jim had touched her with his penis.

Dr. John Mathers, a gynecologist, examined C.D. and found an irritation or rash around the small lips of the vagina. He testified that this was very unusual and was consistent with sexual touching, although he acknowledged it could have been caused by the rubbing of pants, improper hygiene, or the child's own touching with dirty hands.

At trial, C.D. testified and identified appellant as the man who touched her. She used anatomical correct dolls in her testimony. Linda testified about her own sexual abuse as a child and her concerns which led her to join an incest group at Hillcrest House. She denied sexually or physically abusing her children.

Appellant testified, denying the allegations. Several friends and relatives testified to appellant's good character, especially noting his appropriate behavior around small children. The defense attempted to suggest that someone else may have been the perpetrator, possibly someone at a party or C.D.'s mother. Appellant was acquitted of criminal sexual conduct in the first degree, but was convicted of criminal sexual conduct in the second degree. He was sentenced to 34 months imprisonment, the presumptive term for a severity level VI offense and a criminal history score of 3.

## ISSUES

1. Was the evidence sufficient to sustain appellant's conviction?

2. Did the prosecutor commit reversible prosecutorial misconduct in closing argument?

3. Did the trial court commit prejudicial error in instructing the jury?

4. Did the trial court err in denying appellant's motion for a new trial based on newly discovered evidence?

5. Was appellant denied access to the victim's medical and psychological records thus denying his right to confrontation?

## ANALYSIS

### I.

■ It is well established that on review of a criminal conviction, appellate courts will construe the record most favorably to the State and will assume that the jury believed the evidence supporting conviction and disbelieved the contrary evidence. *State v. Pieschke*, 295 N.W.2d 580, 584 (Minn.1980). This is especially true where there is conflicting evidence, because weighing the credibility of witnesses is the exclusive function of the jury. *Id.* Additionally, corroboration of the testimony of a complainant in sex crime offenses is not required. Minn.Stat. § 609.347, subd. 1 (1984).

■ Here, C.D. demonstrated with dolls what occurred, and in court identified appellant as the perpetrator. Her testimony was consistent with her prior statements made to her foster mother, family services personnel, and Officer Laine. The jury was in the best position to evaluate her credibility and judge whether her allegations against appellant should be believed or whether they were merely the product of a confused child. The jury obviously believed that C.D. was sexually contacted by appellant, although by finding appellant not guilty of criminal sexual conduct in the first degree, the jury must have felt that appellant did not penetrate C.D.. While the evidence of corroboration was not strong, and there were some minor conflicting details in C.D.'s testimony, this is somewhat expected of a five-year old child testifying in a criminal trial. We cannot say that the jury unreasonably concluded that appellant was guilty.

### II.

In closing argument the prosecutor referred to the failure of appellant to subpoena witnesses to support his theory that C.D. had been exposed to sexual activity at a party. Defense counsel immediately objected and the trial court instructed the jury:

> [l]adies and gentlemen, I should indicate to you, and I know counsel for the state misspoke himself just now, but the defendant has no burden of bringing evidence forth. So the indication that the defendant has an obligation to subpoena some people, would be incorrect.

Later, in closing argument, defense stated:

> and I want to point out, that when [the prosecutor] made the comment, we did not bring forth any testimony regarding the party from the people on hand, I might add that my client does not have an obligation to do that. He is not supposed to do that. That is the state's burden. That is the state's burden to prove that it did in fact not happen. And what's more, ladies and gentlemen, the people were unlocateable. No, ladies and gentlemen, [the prosecutor] made the mistake at that point, by saying that we had to prove, because that was his proof, not Mr. Harmening's.

■ It was error to refer to the failure of appellant to call witnesses. *State v. Walker*, 372 N.W.2d 743, 746 (Minn.Ct.App. 1985). However, the trial court immediately cautioned the jury that the prosecutor's statement was incorrect, preventing any prejudice to appellant. *State v. Bell*, 294 Minn. 189, 192, 199 N.W.2d 769, 771 (1972). Defense counsel also minimized any prejudicial effect by stating during closing argument that the prosecutor erred in explaining why the witnesses were not subpoenaed. Furthermore, the remark was an isolated one in an otherwise unobjectionable summation. Finally, the jury by finding appellant not guilty of criminal sexual

conduct in the first degree, demonstrated that they were not prejudiced by this statement. *See State v. Rose*, 353 N.W.2d 565, 570 (Minn.Ct.App.1984). Under all these circumstances, we cannot conclude that the prosecutor's remarks played a substantial part in influencing the jury to convict. *State v. Caron*, 300 Minn. 123, 218 N.W.2d 197 (1974).

### III.

In its instructions, the trial court stated: [i]n this case you have heard evidence as to the defendant's appropriate conduct around small children.

Such evidence should be considered by the jury with all the other evidence in the case in determining whether the prosecution has proved the defendant's guilt beyond a reasonable doubt. *Such evidence of character, if believed, may be used as proof of innocence.* If you are satisfied of his guilt beyond a reasonable doubt, you must find him guilty, notwithstanding such character testimony. On the other hand, if, after considering all the evidence, that of character included, you have a reasonable doubt, you must acquit. (Emphasis added).

Defense counsel did not object. On appeal appellant contends that the "proof of innocence" portion of the instructions erroneously implied he had an obligation to prove his innocence. Appellant never objected and thus has waived this right to raise this issue. Minn.R.Crim.P. 26.03, subd. 18(3). Moreover, the instructions, as a whole, were unlikely to give the jury the impression that appellant had any duty to prove his innocence as the instructions clearly stated the State's burden of proof and the presumption of innocence.

### IV.

Appellant moved for a new trial based on newly discovered evidence of a letter allegedly written by Linda to appellant in which Linda stated she was jealous of appellant's relationship with another woman. Defense counsel admitted that both appellant and the other woman recalled the letter "but assumed it was thrown out or in some fashion lost." Appellant argues the letter would have substantially impeached Linda's credibility because she testified that she was not jealous of appellant's other relationship.

A new trial may be granted on the basis of newly-discovered evidence if the petitioner shows that the evidence could not have been discovered through the exercise of due diligence before the trial; that at the time of the trial the evidence was not within petitioner's or his counsel's knowledge; that the evidence is not impeaching, cumulative, or doubtful; and that it would probably produce a result different from or more favorable than that which actually occurred.

*State v. Caldwell*, 322 N.W.2d 574, 588 (Minn.1982).

The decision whether to grant a new trial based upon newly-discovered evidence rests with the trial court and will not be disturbed unless there is an abuse of discretion. *Berry v. State*, 364 N.W.2d 795, 796 (Minn.1985). Appellant has not shown the trial court abused its discretion in denying the new trial motion. The evidence was within the knowledge of appellant at the time of trial; he merely assumed the letter was thrown out or lost. Further, the letter probably would not have produced a more favorable result at trial since the key witness at trial was C.D., and not Linda.

### V.

Appellant asserts he was entitled to examine certain confidential material. Prior to trial defense counsel filed a discovery motion to review medical and psychological records of C.D. The trial court reviewed the records *in camera* to determine whether the records were discoverable or privileged. At the omnibus hearing, defense counsel requested evidence that C.D. had genital irritation or other evidence indicating sexual abuse. The trial court agreed to disclose this material as well as copies of statements C.D. gave to a

psychologist. Defense counsel apparently was given everything he requested. On appeal appellant argues for the first time that he should have had direct access to all records. Not only is appellant precluded from raising this issue because it was never raised below, but this issue is meritless as the trial court clearly handled this issue correctly. *See State v. Kutchara,* 350 N.W.2d 924, 926 (Minn.1984) (trial court properly gave defendant full discovery of records relating to the particular incident and viewed other records *in camera* to determine if there was other relevant material).

## DECISION

Evidence was sufficient for the jury to conclude that appellant was guilty of criminal sexual conduct in the second degree. Appellant was not denied a fair trial because of prosecutorial misconduct in alluding to his failure to subpoena witnesses or because of erroneous jury instructions. Appellant has not demonstrated that he is entitled to a new trial based on newly discovered evidence because the evidence was not newly discovered and it is not likely that it would have produced a different result. Appellant was not denied his constitutional right of confrontation because of the manner in which the trial court handled discovery of medical and psychological records of the victim.

Affirmed.