**STATE of Minnesota, Respondent,**

v.

**Scott Darrel NELSON, Appellant.**

**No. C1-91-2254.**

Court of Appeals of Minnesota.

April 14, 1992.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Patrick A. Oman, Mower County Atty., Traci L. Bains, Asst. County Atty., Austin, for respondent.

Kelley Patrick Callahan, Goldman, Callahan & Sturtz, Chartered, Albert Lea, for appellant.

Considered and decided by NORTON, P.J., and PETERSON and AMUNDSON, JJ.

## OPINION

AMUNDSON, Judge.

Appellant Scott Darrel Nelson was convicted of being in physical control of a motor vehicle with an alcohol concentration of .10 or more. Minn.Stat. § 169.121, subd. 1(d) (1990). He argues the trial court erred in failing to suppress evidence at trial because neither he nor his attorney was served with the notice of evidence pursuant to Minn.R.Crim.P. 7.01. We disagree and affirm.

## FACTS

On January 14, 1991, police officers found appellant Scott Darrel Nelson behind the wheel of his parked car in an intoxicated condition. Nelson was charged with being in physical control of a motor vehicle with an alcohol concentration of .10 or more, in violation of Minn.Stat. § 169.121, subd. 1(d) (1990). The violation is a misdemeanor.

Nelson's attorney requested discovery pursuant to Minn.R.Crim.P. 7.03 and received copies of all police reports and other evidence possessed by the prosecutor. Neither Nelson nor his attorney, however, were served with the notice of evidence pursuant to Minn.R.Crim.P. 7.01. At trial Nelson's counsel moved to suppress all rule 7.01 evidence. The trial court denied the motion, concluding Nelson was not prejudiced by the lack of disclosure because he had already received all the evidence that would have been disclosed under a rule 7.01 notice.

Following a jury trial, Nelson was found guilty. His post-trial motions were denied by the trial court and this appeal followed.

## ISSUE

Did the trial court err in failing to suppress evidence where neither Nelson nor counsel was served with notice of evidence pursuant to Minn.R.Crim.P. 7.01, but they were in possession of all evidence that would have been disclosed under rule 7.01, and where Nelson was not prejudiced by the lack of disclosure?

## ANALYSIS

The supreme court developed a procedure to be followed with respect to problems of evidence which may arise in connection with searches and seizures and confessions. *State ex rel. Rasmussen v. Tahash*, 272 Minn. 539, 553–55, 141 N.W.2d 3, 13–14 (1966). The principles in *Rasmussen* have been codified in Minn.R.Crim.P. 7.01 which provides:

In any case where a jury trial is to be held, when the prosecution has (1) any evidence against the defendant obtained as a result of a search, search and seizure, wiretapping, or any form of electronic or mechanical eavesdropping; (2) any confessions, admissions or statements in the nature of confessions made by the defendant; (3) any evidence

against the defendant discovered as a result of confessions, admissions or statements in the nature of confessions made by the defendant; or (4) when in the investigation of the case against the defendant, any identification procedures were followed, including but not limited to lineups or other observations of the defendant and the exhibition of photographs of the defendant or of any other persons, *the prosecuting attorney shall notify the defendant or defense counsel of such evidence and identification procedures.* In felony and gross misdemeanor cases notice shall be given in writing on or before the date set for the defendant's initial appearance in the district court as provided by Rule 5.03. In *misdemeanor cases,* notice shall be given either in writing or orally on the record in court on or before the date set for the defendant's pretrial conference if one is scheduled or seven (7) days before trial if no pretrial conference is to be held.

Such written notice may be given either personally or by ordinary mail to the defendant's or defense counsel's last known residential or business address or by leaving it at such address with a person of suitable age and discretion then residing or working there.

(Emphasis added.)

There is no dispute that neither Nelson nor his attorney received a formal *Rasmussen* notice, either orally or in writing, pursuant to rule 7.01. However, Nelson's attorney did request and receive all documents that would have been disclosed under rule 7.01, pursuant to Minn.R.Crim.P. 7.03.[1] Consequently, we must determine whether the state's technical failure to provide notice under rule 7.01 requires suppression of the type of evidence described in rule 7.01.

In *City of St. Paul v. Page*, 285 Minn. 374, 173 N.W.2d 460 (1969), defendant objected to the introduction of photographs

---

1. Minn.R.Crim.P. 7.03 provides in part:
   In misdemeanor cases, without order of the court the prosecuting attorney on request of the defendant or defense counsel shall, prior to arraignment or at any time before trial, permit the defendant or defense counsel to inspect the police investigatory reports. Any other discovery shall be by consent of the parties or by motion to the court.

because the city failed to furnish a *Rasmussen* notice. The supreme court held failure to comply with the *Rasmussen* rule did not require suppression because the city's failure to give prior notice was, "at most, harmless error." *Id.* at 377, 173 N.W.2d at 162.[2]

In *State v. Doust*, 285 Minn. 336, 173 N.W.2d 337 (1969), defendant moved to suppress evidence on the ground the *Rasmussen* notice was untimely. The supreme court held the failure of the prosecutor to give the notice required by *Rasmussen* was not "prejudicial error." *Id.* at 343, 173 N.W.2d at 341. Moreover, because the evidence was previously introduced at the preliminary hearing, it could not be said defendant was "surprised" by introduction of the evidence. *Id.* at 343, 173 N.W.2d at 342; *cf. State v. Dye*, 333 N.W.2d 642, 644 (Minn.1983) (although it was error not to give notice to defense counsel that body samples were to be taken, pursuant to Minn.R.Crim.P. 9.02, defendant was not prejudiced); *State v. Alexander*, 259 N.W.2d 594, 595 (Minn.1977) (evidence of other crimes under Minn.R.Crim.P. 7.02 was properly introduced despite state's failure to give timely written notice where defendant was not prejudiced); *Wanglie v. State*, 398 N.W.2d 54, 58 (Minn.App.1986) (defendant must establish erroneously admitted "unnoticed" *Spreigl* evidence resulted in prejudice).

In *State v. Palmer*, 391 N.W.2d 857 (Minn.App.1986), defendant sought to suppress blood test results the prosecution failed to disclose. This court held defendant was not prejudiced by the state's failure to disclose its intent to use the test where counsel received a copy of the re-

sults and assumed they would be used at trial, defendant's expert could have retested the results, and the results were actually more favorable to the defense. *Id.* at 860.

It is clear Minnesota courts do not strictly apply the notice requirements of the criminal procedure rules. The key determination therefore is whether the failure to comply with the notice requirements resulted in prejudice to the defendant.

Nelson has not suffered any prejudice from the lack of disclosure under rule 7.01. Had the prosecutor given a formal *Rasmussen* notice, the result in this case would not be changed. Nelson's counsel received all information from the prosecutor that would have been disclosed under rule 7.01; thus there is no element of surprise. Under these circumstances, the trial court did not err in failing to suppress the evidence.

## DECISION

The trial court did not err in denying Nelson's motion to suppress because the state failed to serve notice pursuant to Minn.R.Crim.P. 7.01. Nelson's attorney was in possession of all evidence that would have been disclosed under rule 7.01 and therefore Nelson was not prejudiced.

Affirmed.

---

**2.** Alternatively, the court held failure to comply with the *Rasmussen* rule did not require reversal because the case was tried without a jury. Thus there was ample opportunity for defendant to move for suppression without seriously disrupting the orderly presentation of the case. *See Page*, 285 Minn. at 376, 173 N.W.2d at 462.